◼ In the Matter of JERICHO UNION FREE SCHOOL DISTRICT No. 15, TOWN OF OYSTER BAY, Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent Board of Assessors of the County of Nassau to cancel the tax exemptions for school district tax purposes granted under Real Property Tax Law § 485-b for certain properties for the school years subsequent to the 1984/1985 school year, the petitioner appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated February 18, 1986, which granted the respondent's motion pursuant to CPLR 5015 (a) (5) to vacate a prior judgment of the same court entered July 30, 1985, on the ground that the decision upon which it was based was subsequently reversed by the Court of Appeals.

Ordered that the order is modified, as a matter of discretion, by deleting the provisions thereof which granted those branches of the motion which were to vacate the provisions of the judgment entered July 30, 1985, with respect to the 1985/1986 school year, and substituting therefor provisions denying those branches of the motion and reinstating those provisions of the judgment; as so modified, the order is affirmed, without costs or disbursements.

The judgment entered July 30, 1985 in this matter was vacated by Special Term on the ground that it was based upon this court's decision in *Matter of Walker v Board of Assessors* (103 AD2d 580, *affg* 118 Misc 2d 467) which was subsequently reversed by the Court of Appeals (66 NY2d 702, *rearg denied*

66 NY2d 1036). No appeal was taken from the judgment entered July 30, 1985.

We find that the statutory authority provided to the courts under CPLR 5015 (a) (5) to relieve a party from a judgment as a result of a later "reversal, modification or vacatur of a prior judgment or order upon which it is based" does not apply to the instant proceeding. Where a decision provides the precedent for a later determination but does not have res judicata or collateral estoppel effect with respect to the subsequent determination, the later reversal of the prior decision does not provide a basis for relief under CPLR 5015 (a) (5) *(cf., Lubben v Selective Serv. Sys. Local Bd. No. 27,* 453 F2d 645, 650; *Wallace Clark & Co. v Acheson Indus.,* 394 F Supp 393, 395, n 4, *affd* 532 F2d 846, *cert denied* 425 US 976, *reh denied* 427 US 908; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.11). In the matter before us, the *Walker* decision served only as precedent for the judgment entered July 30, 1985, and, therefore, CPLR 5015 (a) (5) does not provide a vehicle for relief from that judgment.

However, CPLR 5015 does not provide the only basis for affording parties relief from a judgment. The courts have the inherent power to set aside a judgment upon the application of any party upon appropriate grounds *(see, McMahon v City of New York,* 105 AD2d 101, 104-105). This is a proper case for the exercise of the court's inherent power in the furtherance of justice. The Board of Assessors of the County of Nassau is entitled to relief from the judgment to the extent that it was directed therein to cancel exemptions granted to properties under Real Property Tax Law § 485-b for the 1986/1987 school year and any subsequent years *(see, Matter of McAuliffe v Board of Assessors,* Sup Ct, Nassau County, Aug. 4, 1986, Harwood, J.). We modify the order appealed from accordingly. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.