■ 201 TARRYTOWN ROAD CORP., Respondent, v FOVAMA OF WHITE PLAINS, INC., et al., Appellants.—In an action to recover damages for breach of a commercial lease, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Delaney, J.), dated January 31, 1989, which denied the defendants' motion to vacate two default judgments, (2) an order of the same court dated March 9, 1989, which denied their motion in effect, for reargument of their motion to vacate two default judgments and granted the plaintiff's cross motion for leave to execute upon the default judgments, (3) an amended order of the same court, dated March 20, 1989, which, *inter alia,* authorized the plaintiff to execute upon the default judgments against certain assets of the defendants, and (4) a further amended order of the same court, dated March 28, 1989, which, *inter alia,* authorized execution upon the default judgments against additional assets of the defendants.

Ordered that the order dated January 31, 1989 is reversed, and the default judgments are vacated; and it is further,

Ordered that the appeals from the order dated March 9, 1989 and the amended order dated March 20, 1989 are dismissed as they were superseded by the further amended order dated March 28, 1989; and it is further,

Ordered that the appeal from so much of the order dated March 28, 1989 as denied reargument is dismissed, as no appeal lies from an order denying reargument and the appeal from the remainder of that order is dismissed as academic; and it is further,

Ordered that the defendants' time to serve and file their answer is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appellants are awarded one bill of costs.

A review of the record discloses facts which present a question as to whether the plaintiff landlord proceeded with due diligence to obtain all necessary approvals and permits for the renovations and construction of the demised premises, as

required under the rider to the lease. In light of this proffered meritorious defense to the action for breach of a commercial lease, and the surrounding circumstances, we believe this is a proper case for the exercise of the court's inherent power to vacate a judgment in the furtherance of justice (see, Matter of Jericho Union Free School Dist. No. 15 v Board of Assessors, 131 AD2d 482; McMahon v City of New York, 105 AD2d 101, 104-105).

The appeals from the remaining three orders are dismissed as academic. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.