OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals, as limited by the brief, from so much of an order of the Civil Court as granted defendant’s motion for summary judgment dismissing the complaint. A judgment was subsequently entered, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
Lawrence Sherman and Bird Waldon were involved in a motor vehicle accident in New York. Sherman, the driver, and Waldon, his passenger, were in a vehicle insured by defendant under a Florida automobile insurance policy issued to Sherman. Both Sherman and Waldon were treated in New York for their alleged injuries by medical providers, and both Sherman and Waldon assigned their rights to recover no-fault benefits to those medical providers. After defendant denied the claims of those medical providers, including plaintiff herein, each medical provider brought a separate action, as assignee of either Sherman or Waldon, to recover assigned first-party no-fault benefits for the services rendered to its assignor.
Defendant moved for summary judgment dismissing plaintiff’s complaint. In support of its motion, defendant submitted an affidavit by its litigation specialist, who asserted that defendant’s investigation into the accident had revealed that Sherman was not a resident at the Florida address listed on his insurance application or at any other Florida address; that his vehicle was not garaged at a Florida address; and that Sherman’s fraudu *6 lent representations on his policy application had led defendant to rescind the policy ab initio, as defendant would not have issued the policy had it known the true facts. The affiant stated that the annexed rescission letter had been sent by both regular mail and certified mail, return receipt requested, “to the insured’s attorney, the insured and faxed to the insurance agent from whom the policy was obtained” and that “[rescission letters are mailed to the address on the letter and to the insured at their known addresses.” Also annexed to the motion papers were copies of the checks refunding the premiums paid by defendant since the inception of the policy, which checks were endorsed by Sherman.
Florida Statutes Annotated, title 37, § 627.409 permits the retroactive rescission of an insurance policy if there has been a material misrepresentation in an application for insurance, whereas New York prohibits such a retroactive rescission (see Vehicle and Traffic Law § 313; Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 58 [2000]; Matter of Insurance Co. of N. Am. v Kaplun, 274 AD2d 293, 297-298 [2000]) but permits an insurer to deny benefits to a claimant who was a participant in the fraud (see Matter of Insurance Co. of N. Am. v Kaplun, 274 AD2d 293 [2000]; see also Matter of Integon Ins. Co. v Goldson, 300 AD2d 396 [2002]). Accordingly, under New York law, an insured, or an assignee of an insured, may be denied no-fault benefits where an insurer submits evidence in admissible form showing that the insured had fraudulently procured the insurance policy (see New Millennium Psychological Servs., P.C. v Commerce Ins. Co., 34 Misc 3d 127[A], 2011 NY Slip Op 52286[U] [App Term, 2d, 11th & 13th Jud Dists 2011]). In the instant case, defendant insurer seeks judgment as a matter of law, under Florida law, based upon its having validly rescinded the policy pursuant to Florida law, and not under the laws of New York, where it would have had the burden of establishing that the insured, Sherman, had fraudulently procured the policy. Applying a “grouping of contacts” analysis, we find that Florida law is, as the parties agree, controlling under New York’s conflict of law rules (see Matter of Eagle Ins. Co., 279 AD2d at 59).
An insurer’s failure to rescind a motor vehicle policy in accordance with the statutory notice of cancellation procedures of Florida Statutes Annotated, title 37, § 627.728 does not preclude or abrogate the insurer’s ability to void the policy ab initio pursuant to Florida Statutes Annotated, title 37, § 627.409 (see United Auto. Ins. Co. v Salgado, 22 So 3d 594, 600-601 [Fla *7 2009]). The insurer must, however, demonstrate that it gave notice of the rescission to the insured and that it returned or tendered all premiums paid within a reasonable time after the discovery of the grounds for avoiding the policy (see Leonardo v State Farm Fire & Cas. Co., 675 So 2d 176, 179 [Fla 1996]). As the record indicates that defendant so demonstrated, defendant’s prima facie entitlement to summary judgment was established. In opposition to defendant’s prima facie showing, plaintiff failed to raise a triable issue of fact as to the validity of the retroactive rescission of the policy in accordance with Florida law (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The Civil Court, therefore, did not err in granting defendant’s motion for summary judgment dismissing the complaint.
Accordingly, the judgment is affirmed.
Weston, J.P., Pesce and Rios, JJ., concur.