OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the complaint is dismissed.
At a nonjury trial of this action by a provider to recover assigned first-party no-fault benefits, the parties’ attorneys stipulated that plaintiff had established a prima facie case regarding the submission of his claim in the amount of $1,310.94; that, some time after the receipt of plaintiffs claim, defendant, a Florida insurer, had issued letters rescinding plaintiffs assignor’s insurance policy ab initio on the ground that material misrepresentations had been made during the application process; and that defendant had refunded the assignor’s premiums. The parties’ attorneys further stipulated to the admission into evidence of plaintiffs claim form, defendant’s rescission letter, the policy application, and the insurance policy. Finally, the parties agreed that the sole issue for the Civil Court to decide was “whether or not Defendant has to establish the reason for rescinding its policy.” After trial, the Civil Court found for plaintiff, holding that New York law applied and that defendant was required, but failed, to present evidence in support of the underlying basis for its rescission of the policy. A judgment was subsequently entered, from which the appeal is deemed to have been taken (see CPLR 5512 [a]).
Contrary to the conclusion of the Civil Court, New York law does not govern this matter. Rather, applying a “grouping of contacts” analysis (see Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56 [2000]), we find that Florida law applied since Florida had the most significant contacts with the contracting party and the contract (see also W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Florida Statutes Annotated § 627.409 permits the retroactive rescission of an insurance policy if there has been a material misrepresentation in an application for insurance. Where, as *58 here, an insurer is not seeking a judicial decree of rescission in the action, but, rather, is seeking to establish that the policy-had, in fact, been retroactively rescinded to a time prior to the commencement of the action, the insurer must simply demonstrate that it complied with the Florida statute by giving the requisite notice of the rescission to the insured and that it returned or tendered all premiums paid within a reasonable time after the discovery of the grounds for avoiding the policy (see Leonardo v State Farm Fire & Cas. Co., 675 So 2d 176, 179 [Fla Dist Ct App, 4th Dist 1996]; see also W.H.O. Acupuncture, P.C., 36 Misc 3d 4). Given the posture of this case, the insurer, under Florida law, does not have the burden of proving its good faith basis for the termination of the insurance policy (see generally Castellon v American Skyhawk Ins. Co., 785 So 2d 552 [Fla Dist Ct App, 3d Dist 2001] [cancellation of policy]). As the parties stipulated that the sole issue for trial was whether the insurer had to establish the reason for its rescission of the policy, and it was therefore essentially conceded that defendant had given notice of the rescission to the insured and had returned all premiums, defendant is entitled to judgment dismissing the complaint. We reach no other issue.
Accordingly, the judgment is reversed and the complaint is dismissed.