OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, with $30 costs, the order dated February 28, 2012 is vacated, plaintiffs motion for summary judgment is denied, and defendant’s cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Defendant argued that a conflict-of-law analysis required the application of Pennsylvania law, pursuant to which there was a lack of coverage due to a rescission of the automobile insurance policy in question. Defendant appeals from an order of the Civil Court dated February 28, 2012, which granted plaintiff’s motion for summary judgment and denied defendant’s cross motion. A judgment was subsequently entered, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
Defendant issued the automobile insurance policy in Pennsylvania to the insured, who purportedly resided in Pennsylvania, for a vehicle which was purportedly garaged in Pennsylvania. The only connection between the policy and New York State is that plaintiffs assignor was injured while riding in the insured’s vehicle in New York. Consequently, we find that *29 Pennsylvania law is controlling under New York’s conflict-of-law rules (see Matter of Government Empls. Ins. Co. v Nichols, 8 AD3d 564 [2004]; Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 58 [2000]).
Although Pennsylvania law provides for a common-law right by the insurer to rescind a policy of insurance, in Erie Ins. Exch. v Lake (543 Pa 363, 375, 671 A2d 681, 687 [1996]), the Pennsylvania Supreme Court held that an automobile insurance policy cannot be retroactively rescinded with respect to third parties who were harmed through no fault of their own. In the case at bar, during his examination before trial, plaintiffs assignor testified that his mother, the insured, had never resided in Allentown, Pennsylvania, and that he had driven his mother to Pennsylvania for the sole purpose of renewing her automobile insurance because the insurance was cheaper in Pennsylvania than in New York. Inasmuch as the aforementioned acts of the assignor make him complicit in the fraud perpetrated by his mother, he is not an innocent third party and, therefore, rescission of the subject insurance policy is effective with respect to him. Accordingly, the judgment is reversed, the order dated February 28, 2012 is vacated, plaintiffs motion for summary judgment is denied, and defendant’s cross motion for summary judgment dismissing the complaint on the ground of lack of coverage due to the rescission of the insurance policy is granted.
The decision and order of this court dated December 9, 2013 are hereby recalled and vacated (see 2014 NY Slip Op 80108[U] [motion decided simultaneously herewith]).
Pesce, PJ., and Weston, J., concur; Rios, J., taking no part.