OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, defendant’s motion, in effect, to vacate so much of the prior order of the same court dated April 14, 2011 as, on consent, denied defendant’s motion for summary judgment dismissing the complaint is granted, and, upon such vacatur, defendant’s motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint based on a lack of coverage, alleging *44 that the automobile insurance policy, which had been issued to the insured (plaintiff’s assignor) in Pennsylvania, had been retroactively rescinded under Pennsylvania law due to material misrepresentations that had been made by the insured, on his application for insurance, regarding his actual residence. In support of the motion, defendant argued that, under a “grouping of contacts” analysis (see Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56 [2000]), Pennsylvania law should be applied, since that state had the most significant contacts with the parties and the contract. Under Pennsylvania law, an insurer is permitted to retroactively rescind an automobile insurance policy based upon material misrepresentations made by the named insured in the application for the policy (see Erie Ins. Exch. v Lake, 543 Pa 363, 671 A2d 681 [1996]). Defendant argued that it had issued a letter to the insured rescinding the policy ab initio and, since defendant had refunded the insured’s premiums, there was no coverage available for the claim submitted by plaintiff.
By order dated April 14, 2011, the Civil Court denied defendant’s motion for summary judgment and limited the issues for trial to whether defendant had timely denied plaintiff’s claim “on the basis of fraud in the procurement of the policy and whether such fraud occurred, all of which shall be defendant’s burden at trial” (see CPLR 3212 [g]). The order indicated that it was “on consent.”
Subsequently, in January 2013, defendant moved for leave to renew its motion for summary judgment, contending that, after the entry of the Civil Court’s order, there had been “a change in the law that would change the prior determination” (CPLR 2221 [e] [2]). Defendant specifically referred to this court’s decisions in Craigg v Infinity Select Ins. Co. (38 Misc 3d 56 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]) and W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co. (36 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), which held that an insurer need not establish the underlying reasons for the retroactive rescission of the policy, but rather has the burden of establishing that it complied with the law of the sister state which permits retroactive rescission. Thus, defendant argued, contrary to the Civil Court’s April 14, 2011 order, based on the W.H.O. and Craigg cases, which were decided subsequent to April 14, 2011, defendant’s burden at trial was not to prove that the policy had been procured by fraud, but rather to demonstrate that the policy had been properly *45 rescinded from its inception in accordance with Pennsylvania law.
By order entered August 16, 2013, the Civil Court denied defendant’s motion as untimely. Defendant appeals from the August 16, 2013 order, and we reverse.
At the outset, we note that while defendant sought leave to renew its prior motion for summary judgment, defendant could not seek renewal, pursuant to CPLR 2221 (e) (2), because the prior motion, which had resulted in the April 14, 2011 order, stated that it had been entered upon the consent of the parties. Thus, we treat defendant’s motion as a motion to vacate the April 14, 2011 consent order.
In general, courts will not vacate a judgment or order because of a subsequent change in a rule of law (see 10-5015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 5015.11; see also Matter of Huie [Furman], 20 NY2d 568 [1967]; Matter of Jericho Union Free School Dist. No. 15, Town of Oyster Bay v Board of Assessors of County of Nassau, 131 AD2d 482 [1987]; Swope v Quadra Realty Trust, Inc., 28 Misc 3d 1209[A], 2010 NY Slip Op 51233[U] [Sup Ct, NY County 2010]). However, under the unique circumstances presented here, where the case is still pending and has not yet gone to trial, we consider it appropriate for this court to exercise its inherent discretionary power to grant defendant relief from the consent order (see Matter of Jericho Union Free School Dist. No. 15, Town of Oyster Bay v Board of Assessors of County of Nassau, 131 AD2d 482 [1987]; see also McMahon v City of New York, 105 AD2d 101 [1984]). Were we not to exercise our inherent power by reversing the August 16, 2013 order and granting vacatur of so much of the April 14, 2011 order as denied defendant’s motion for summary judgment, we would be forcing the Civil Court to apply a standard at trial to which we no longer adhere, and to make a determination which is contrary to existing law.
In applying existing law, we first note that defendant issued the automobile insurance policy in question in Pennsylvania to the insured, who had indicated on his application that he resided in Pennsylvania and that he garaged his vehicle in Pennsylvania. As the only connection between the policy and New York is that the insured was injured in New York in an accident involving his vehicle, we find that Pennsylvania law is controlling under New York’s conflict of law rules (see Matter of Government Empls. Ins. Co. v Nichols, 8 AD3d 564 [2004]; Matter of Eagle Ins. Co. v Singletary, 279 AD2d at 58; see also *46 Optimal Well-Being Chiropractic, P.C. v Infinity Ins. Co., 46 Misc 3d 27 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Pennsylvania law gives an insurer a common-law right to retroactively rescind an automobile insurance policy (see Klopp v Keystone Ins. Cos., 528 Pa 1, 595 A2d 1 [1991]) and, as to an insured who has made a misrepresentation material to the acceptance of risk by the insurer, the insurer may exercise that right within 60 days of the issuance of the policy, without resort to the terms and conditions of the more restrictive statute governing the cancellation of automobile insurance policies (see Erie Ins. Exch. v Lake, 543 Pa at 375, 671 A2d at 687). Defendant, in its motion papers, demonstrated that the policy was effective commencing on May 20, 2008, that the letter notifying the insured of the policy’s rescission had been mailed to the insured on July 10, 2008, and that the check returning the insured’s premiums had been mailed on July 18, 2008. Thus, defendant demonstrated, prima facie, that it had validly rescinded the policy in accordance with Pennsylvania law by showing that, within 60 days of issuance of the policy, it had provided the insured with “a written statement of the reason for cancellation” (40 Pa Cons Stat § 991.2002 [c] [3]) and that it had returned to the insured the premiums he had paid (see Klopp v Keystone Ins. Cos., 528 Pa 1, 595 A2d 1 [1991]). In opposition to defendant’s showing, plaintiff failed to raise a triable issue of fact as to the validity of the retroactive rescission of the policy in accordance with Pennsylvania law.
Accordingly, the order is reversed, defendant’s motion, in effect, to vacate so much of the prior order of the same court dated April 14, 2011 as, on consent, denied defendant’s motion for summary judgment dismissing the complaint is granted, and, upon such vacatur, defendant’s motion for summary judgment dismissing the complaint is granted.
Pesce, P.J., Solomon and Elliot, JJ., concur.