Pierre Jean Jacques Renelique as Assignee of DENIS EDWITCH, Appellant,
against
National Liability & Fire Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered December 12, 2013. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied his motion for summar judgment and granted defendant's cross motion for summary judgment dismissing the complaint. Even if plaintiff had made a prima facie case, an issue we do not decide, his motion for summary judgment was properly denied. The papers submitted by defendant in opposition to plaintiff's motion for summary judgment were sufficient to establish that defendant had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) its denial of claim form, which denied the claim on the ground of plaintiff's assignor's fraudulent procurement of the insurance policy in question by virtue of her misrepresentation of her place of residence in order to obtain insurance at a lower premium. Furthermore, defendant's papers demonstrated that there is, at least, a triable issue of fact as to whether the assignor had provided a fraudulent address when she obtained the insurance policy.
With respect to defendant's cross motion, "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). No-fault benefits may be denied to an insured where an insurer submits evidence in admissible form showing that the insured had fraudulently procured the insurance policy (see W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4 [App Term, 2d, 11th & 13th Jud Dists 2012]; New Millennium Psychological Servs., P.C. v Commerce Ins. Co., 34 Misc 3d 127[A], 2011 NY Slip Op 52286[U] [App Term, 2d, 11th & 13th Jud Dists 2011]). Upon the record before us, we find [*2]that defendant failed to establish as a matter of law that plaintiff's assignor had made material misrepresentations in order to obtain insurance at reduced premiums (see Jamaica Dedicated Med. Care, P.C. v Praetorian Ins. Co., 47 Misc 3d 147[A], 2015 NY Slip Op 50756[U] [App Term, 2d, 11th & 13th Jud Dists 2015]; Delta Diagnostic Radiology, P.C. v National Liab. & Fire Ins. Co., 44 Misc 3d 142[A], 2014 NY Slip Op 51322[U] [App Term, 2d, 11th & 13th Jud Dists 2014]; cf. Matter of Insurance Co. of N. Am. v Kaplun, 274 AD2d 293 [2000]; AA Acupuncture Serv., P.C. v Safeco Ins. Co. of Am., 25 Misc 3d 30 [App Term, 1st Dept 2009]). 
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: March 01, 2016