Hu-Nam-Nam, M.D., as Assignee of DIANA RODRIGUEZ, Respondent,
against
Infinity Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered July 30, 2014. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment.




ORDERED that the order is reversed, with $30 costs, defendant's motion for summary judgment dismissing the complaint is granted and plaintiff's cross motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the automobile insurance policy in question had been issued in Florida, and that, based upon a conflict-of-law analysis, Florida law applied, pursuant to which there was a lack of coverage due to the valid rescission of the automobile insurance policy. Plaintiff cross-moved for summary judgment. In an order entered July 30, 2014, the Civil Court denied defendant's motion and granted plaintiff's cross motion, based upon defendant's failure to timely deny plaintiff's claim.
On appeal, defendant contends that it made a prima facie showing of its defense of rescission of the underlying insurance policy in accordance with Florida law and that its motion for summary judgment dismissing the complaint should have been granted.
The vehicle involved in the accident at issue, which occurred in New York, was being driven by plaintiff's assignor, who was the policy holder. At the time of the accident, the vehicle was insured by defendant under a Florida automobile insurance policy. After defendant's investigation into the accident revealed that, at the time the insured applied for motor vehicle insurance, she did not reside at the Florida address listed on the insurance application and that the vehicle was not garaged at that Florida address, defendant rescinded the policy, ab initio, pursuant to Florida Statutes Annotated, title 37, § 627.409, which permits the retroactive cancellation of an insurance contract if there has been a material misrepresentation in an application for insurance.
In order to show that it properly voided a motor vehicle insurance policy ab initio, in accordance with Florida law, an insurer must demonstrate that it gave notice of the rescission to the insured and that it returned or tendered all premiums paid within a reasonable time after the discovery of the grounds for avoiding the policy (see Leonardo v State Farm Fire and Cas. Co., 675 So 2d 176, 179 [Fla Dist Ct App, 4th Dist 1996]; see also United Auto. Ins. Co. v Salgado, 22 So 3d 594, 600-601 [Fla Dist Ct App, 3d Dist 2009]). As defendant demonstrated, through the supporting affidavit of its litigation specialist and accompanying documents, that it had complied with the foregoing requirements, defendant's prima facie entitlement to summary judgment was established (see W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). In opposition to defendant's prima facie showing, plaintiff failed to raise a triable issue of fact as to the validity of the retroactive [*2]rescission of the policy in accordance with Florida law (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Consequently, it was error for the Civil Court to deny defendant's motion and to grant plaintiff's cross motion.
Accordingly, the order is reversed, defendant's motion for summary judgment dismissing the complaint is granted and plaintiff's cross motion for summary judgment is denied.
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: March 18, 2016