Hu-Nam-Nam, M.D., as Assignee of Felix Polanco-Diaz, Respondent, 
against
Infinity Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered September 29, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the automobile insurance policy in question had been issued in Florida, and that, based upon a conflict-of-law analysis, Florida law applied, pursuant to which there was a lack of coverage due to the valid rescission of the automobile insurance policy. By order entered September 29, 2014, the Civil Court denied defendant's motion.
On appeal, defendant contends that it made a prima facie showing of its defense of rescission of the underlying insurance policy in accordance with Florida law and that its motion for summary judgment dismissing the complaint should have been granted. We agree.
It is undisputed that the vehicle in question was insured by defendant under a Florida automobile insurance policy. At the time of the accident at issue, which occurred in New York, the vehicle was being driven by the policyholder, and plaintiff's assignor was a passenger in the vehicle. After defendant's investigation revealed that, at the time the insured applied for automobile insurance, she did not reside at the Florida address listed on the insurance application and that the vehicle was not garaged at that Florida address, defendant rescinded the policy, ab initio, pursuant to Florida Statutes Annotated, title 37, § 627.409, which permits the retroactive cancellation of an insurance contract if there has been a material misrepresentation in an application for insurance.
In order to show that it properly voided a motor vehicle insurance policy ab initio, in accordance with Florida law, an insurer must demonstrate that it gave notice of the rescission to the insured and that it returned or tendered all premiums paid within a reasonable time after the discovery of the grounds for avoiding the policy (see W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4, 6-7 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012], citing Leonardo v State Farm Fire and Cas. Co., 675 So 2d 176, 179 [Fla Dist Ct App, 4th Dist 1996]; [*2]see also Hu-Nam-Nam, M.D. v Infinity Ins. Co., 51 Misc 3d 130[A], 2016 NY Slip Op 50391[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Inasmuch as defendant demonstrated, through the supporting affidavit of its litigation specialist and accompanying documents, that it had complied with the foregoing requirements, defendant's prima facie entitlement to summary judgment was established (see Hu-Nam-Nam, M.D. v Infinity Ins. Co., 51 Misc 3d 130[A], 2016 NY Slip Op 50391[U], *1; W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d at 7). In opposition to defendant's prima facie showing, plaintiff failed to raise a triable issue of fact as to the validity of the retroactive rescission of the policy in accordance with Florida law.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: November 21, 2016