Daily Medical Equipment Distribution Center, Inc., as Assignee of Mark Coleman, Respondent,
against
Allstate Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered July 30, 2014. The order, insofar as appealed from and as limited by the brief, denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that the automobile insurance policy in question had been issued in Florida, and that, based upon a conflict-of-law analysis, Florida law applied, pursuant to which there was a lack of coverage due to the rescission of the automobile insurance policy. The Civil Court, by order dated July 30, 2014, denied both motions finding, pursuant to CPLR 3212 (g), that both parties had established their prima facie cases and that the only triable issue of fact is whether the assignor had the intent to misrepresent on his insurance application.
On appeal, defendant contends that Florida law controls and, pursuant to said law, an insurer does not have to prove intent to misrepresent in order to void a policy ab initio; rather, an insurer only has to show that the policy was validly rescinded pursuant to the laws of Florida.
At the time of the accident at issue, which occurred in New York, the vehicle was insured by defendant under a Florida automobile insurance policy, and was being driven by the policyholder, plaintiff's assignor. After defendant's investigation revealed that, at the time the insured applied for automobile insurance, plaintiff's assignor did not reside at the Florida address listed on the insurance application and that the vehicle was not garaged at that Florida address, defendant rescinded the policy, ab initio, pursuant to Florida Statutes Annotated, title 37, § 627.409, which permits the retroactive cancellation of an insurance contract if there has been a material misrepresentation in an application for insurance.
Inasmuch as defendant's cross motion papers failed to demonstrate that a rescission notice was sent to the insured, or that defendant had returned, or tendered, all premiums paid to the insured within a reasonable period of time after defendant's discovery of the grounds for rescinding the policy, defendant failed to show, prima facie, that it had voided the policy ab initio pursuant to Florida law (see W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4, 6-7 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012], citing Leonardo v State Farm Fire [*2]and Cas. Co., 675 So 2d 176, 179 [Fla Dist Ct App, 4th Dist 1996]). Consequently, defendant's cross motion for summary judgment dismissing the complaint was properly denied.
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: January 05, 2017