Utopia Equipment, Inc., a/a/o Tyrone Gaime, Plaintiff-Respondent, 
against
Infinity Insurance Company, Defendant-Appellant.



Defendant appeals from an order of the Civil Court of the City of New York, New York County (Carol R. Feinman, J.), entered June 26, 2015, which denied its motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Carol R. Feinman, J.), entered June 26, 2015, reversed, with $10 costs, motion granted and complaint dismissed.
Defendant-insurer's motion for summary judgment dismissing the underlying first-party no-fault action should have been granted. Defendant established, prima facie, that the underlying Florida automobile insurance policy had been properly rescinded ab initio, in accordance with Florida law, and that there was therefore no coverage available to plaintiff's assignor. Defendant's submissions included an affidavit of its litigation specialist and other proof demonstrating that a rescission notice was sent to the assignor-insured and that defendant had returned all premiums paid within a reasonable time after discovery of the grounds for rescinding the policy (see W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4, 6-7 [App Term, 2d, 11th & 13th Jud Dists 2012], citing Leonardo v State Farm Fire & Cas. Co., 675 So 2d 176, 179 [Fla 1996]; see also Hu-Nam-Nam v Infinity Ins. Co., 51 Misc 3d 130[A], 2016 NY Slip Op 50391[U] [App Term, 2d, 11th & 13th Jud Dists 2016]). Contrary to the conclusion reached below, defendant was not required to establish the basis for the retroactive rescission, but rather had the burden of establishing that it complied with the law of the sister state which permits retroactive rescission (see Craigg v Infinity Select Ins. Co., 38 Misc 3d 56, 58 [App Term, 2d, 11th & 13th Jud Dists 2013]).
In opposition to defendant's prima facie showing, plaintiff failed to raise a triable issue of fact. We do not reach plaintiff's present arguments which were not raised below, and are thus unpreserved for appellate review.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 20, 2017