Remedial Medical Care, P.C., as Assignee of Jermaine Lyte, Respondent,
against
Infinity Property & Casualty Co., Appellant. 



Freiberg, Peck & Kang, LLP, Yilo J. Kang, Esq., for appellant.
Kopelevich & Feldsherova, P.C., Galina Feldsherova, Esq., for respondent.
Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), dated September 29, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint based on a lack of coverage, alleging that the automobile insurance policy, which had been issued to its insured (plaintiff's assignor) in Pennsylvania, had been retroactively rescinded under Pennsylvania law due to material misrepresentations that had been made by the insured on his application for insurance regarding his actual residence and where he garaged the insured vehicle. In support of the motion, defendant proffered an affidavit from one of its litigation specialists who indicated that defendant had notified the insured, in writing, within 60 days after the issuance of the policy, of the reason for the rescission and that defendant had returned to the insured the premiums he had paid. By order dated September 29, 2014, from which defendant appeals, the Civil Court denied defendant's motion, finding, among other things, that, although Pennsylvania law applied, defendant had failed to produce proof in admissible form to establish, as a matter of law, that the insured had made material misrepresentations in his insurance application and that defendant had also failed to establish the timely and proper mailing of its rescission letter.
At the outset, we note that while, in the Civil Court, plaintiff argued that Pennsylvania [*2]law did not control, on appeal, plaintiff has abandoned this argument.
Defendant demonstrated, prima facie, that it had timely rescinded the policy in accordance with Pennsylvania law and, in opposition to defendant's showing, plaintiff failed to raise a triable issue of fact as to this issue. Consequently, for the reasons stated in Delta Diagnostic Radiology, P.C. v Infinity Group (49 Misc 3d 42 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 31, 2017