T & S Medical Supply Corp., as Assignee of Anthony Cabreja, Appellant,
against
Ocean Harbor Casualty Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Gallo, Vitucci & Klar (Yolanda L. Ayala and Richard E. Weber, Jr. of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard Montelione, J.), dated July 28, 2016. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the automobile insurance policy in question had been issued in Florida, and that Florida law applied, pursuant to which there was a lack of coverage due to the valid rescission of the automobile insurance policy. Plaintiff appeals from an order of the Civil Court dated July 28, 2016, which granted defendant's motion. 
It is undisputed that the vehicle in question was insured by defendant under a Florida automobile insurance policy. According to an affidavit submitted by an employee of defendant's managing general agent, an investigation conducted after the accident revealed that, at the time the policyholder had applied for automobile insurance, she did not reside at the Florida address listed on her insurance application, and that the insured vehicle was not being garaged in Florida for the period stated on the application. Consequently, defendant had rescinded the policy ab initio, pursuant to Florida Statutes Annotated, title 37, § 627.409, which permits the retroactive rescission of an insurance policy if there has been a material misrepresentation in the application for insurance.
While the substantive law (see e.g. St. Chiropractic, P.C. v Geico Gen. Ins. Co., 53 Misc 3d 59 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]) of Florida applies, New York's procedural laws control (see St. Chiropractic, P.C., 53 Misc 3d at 61). In order to show that it [*2]properly rescinded a motor vehicle insurance policy ab initio, an insurer must demonstrate that it had given notice of the rescission to the insured and that it had returned or tendered all premiums paid, in accordance with Florida law, all in a reasonable time after the discovery of the grounds for avoiding the policy (see Leonardo v State Farm Fire and Cas. Co., 675 So 2d 176, 179 [Fla Dist Ct App, 4th Dist 1996]; see also United Auto. Ins. Co. v Salgado, 22 So 3d 594, 600-601 [Fla Dist Ct App, 3d Dist 2009]). As defendant's motion papers failed to establish "actual mailing or ... a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]; see also St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) demonstrating that the notice of rescission and the refund check had been mailed to the insured, defendant failed to establish its entitlement to summary judgment (see W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4, 6-7 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012], citing Leonardo, 675 So 2d 176, 179).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 04, 2018