Williams v Janvier (2019 NY Slip Op 07638)





Williams v Janvier


2019 NY Slip Op 07638


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2016-09925
2016-10376
 (Index Nos. 504086/14, 6716/14)

[*1]Omar Williams, respondent, 
v
Greguy Janvier, et al., defendants, Penn National Insurance, appellant. (Action No. 1.)
Michael Marks, respondent,Omar Williams, et al., defendants, Penn National Insurance, appellant. (Action No. 2.)


Michael J. Guararra, Garden City, NY, for appellant.
Dina Pendergrast, New York, NY, for respondent in Action No. 1.
David M. Harrison, Brooklyn, NY, for respondent in Action No. 2.



DECISION & ORDER
In two related actions, inter alia, to recover damages for personal injuries and for declaratory relief, Penn National Insurance, a defendant in Action Nos. 1 and 2, appeals from two orders of the Supreme Court, Kings County (Lara J. Genovesi, J.), both dated May 5, 2016 (one in each action). The orders, insofar as appealed from, in effect, denied those branches of the separate motions of Penn National Insurance which were for summary judgment on its cross claim in each action against Greguy Janvier, a defendant in Action Nos. 1 and 2, declaring that it was not obligated to defend and indemnify Greguy Janvier in connection with the subject accident.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
This appeal arises from a three-vehicle accident that occurred on May 27, 2013, at an intersection in Brooklyn. The drivers of two of the vehicles, Omar Williams and Michael Marks (hereinafter together the plaintiffs), commenced separate actions against, among others, the driver of the third vehicle, Greguy Janvier, and his motor vehicle insurance carrier, Penn National Insurance. The two actions were joined for discovery and trial. Penn National Insurance had issued a personal automobile policy to Janvier, effective as of March 25, 2010, in Pennsylvania, based on Janvier's representations in his application for insurance that, inter alia, he resided in that state and his vehicle was garaged there. The policy was renewed in 2011, 2012, and 2013. Following the accident, each of the plaintiffs filed a claim under Janvier's policy with Penn National Insurance, asserting that the accident occurred as a result of Janvier's negligence.
Thereafter, in a letter dated July 22, 2013, Penn National Insurance notified Janvier that his policy was rescinded because, inter alia, he had misrepresented that he was a resident of [*2]Pennsylvania when, in fact, he resided in New York. Penn National Insurance enclosed a check in the amount of $3,455.51, representing the premium payments made by Janvier under the policy since 2010, plus interest. In separate letters, both dated July 31, 2013, Penn National Insurance advised each of the plaintiffs that it completed its investigation into their respective claims and determined that "there is no coverage for this incident."
In its answers to the plaintiffs' complaints, Penn National Insurance asserted a cross claim against Janvier for a judgment declaring that it had no duty to defend or indemnify him in connection with any claim arising from the subject accident. Penn National Insurance subsequently moved in each action, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claim against Janvier on the grounds that the policy was void ab initio because it was procured by fraud. In opposition to the motions, the plaintiffs argued, among other things, that the policy issued by Penn National Insurance to Janvier was in effect at the time of the accident, that they did not participate in the alleged fraudulent procurement of the policy, and that Penn National Insurance may not deny coverage under the policy to them, innocent third parties, based on misrepresentations made by its insured. In two orders, both dated May 5, 2016, the Supreme Court, inter alia, granted those branches of Penn National Insurance's motions which were for summary judgment dismissing the complaint in each action insofar as asserted against it and, in effect, denied those branches of the motions which were for summary judgment on its cross claim in each action against Janvier. The court, after determining that Pennsylvania law was controlling, determined that although Penn National Insurance properly rescinded the policy in accordance with Pennsylvania law with respect to Janvier, "who committed the fraud," the plaintiffs, who were innocent third parties, were "entitled to the benefits of the policy upon a determination of . . . liability in the underlying personal injury action." Penn National Insurance appeals from so much of the orders as, in effect, denied those branches of its motions which were for summary judgment on its cross claim against Janvier. We affirm.
We disagree with Penn National Insurance's contention that the Supreme Court, in reaching its determination, misapplied Pennsylvania law. In the seminal case of Erie Ins. Exch. v Lake (543 Pa 363, 671 A2d 681), the Pennsylvania Supreme Court held that while an insurer may rescind an automobile insurance policy retroactively on the basis of fraud or misrepresentation "as to the actual perpetrator of the fraud, where the fraud could not reasonably have been discovered within the 60 day period immediately following issuance of the policy" (543 Pa at 374, 671 A2d at 686; see Parisien v Omni Indem. Co., 63 Misc 3d 1214[A], 2019 NY Slip Op 50523[U], *2 [Civ Ct, Kings County]; Monroe v Omni Indem. Co., 60 Misc 3d 1229[A], 2018 NY Slip Op 51258[U], *2 [Civ Ct, Kings County]; Infinity Select Ins. Co. v Fleming, 159 A3d 45 [Pa Super Ct] [table; text at 2016 WL 6088065, 2016 Pa Super Unpub LEXIS 3755]), it may not deny coverage under the policy with respect to claims made by third parties "who are innocent of trickery, and injured through no fault of their own" (Erie Ins. Exch. v Lake, 543 Pa at 375, 671 A2d at 687; see Island Life Chiropractic, P.C. v Infinity Group, 55 Misc 3d 42, 43 [App Term, 2d Dept, 11th & 13th Jud Dists]; Mutual Benefit Ins. Co. v Druce, 62 Pa D & C 4th 31, 39 [Common Pleas Ct of Dauphin County]). The court reasoned that "[m]otorists carry insurance not only for their own protection, but also, for the benefit of third parties who may suffer through the negligence of the insured motorist" (Erie Ins. Exch. v Lake, 543 Pa at 374, 671 A2d at 686).
Here, Penn National Insurance's submissions established that it properly rescinded the subject policy under Pennsylvania law with respect to Janvier, based upon the material misrepresentations he made in his application for insurance. However, since there was no evidence that the plaintiffs participated in the fraud, Penn National Insurance failed to demonstrate that the plaintiffs were not innocent third parties who should be precluded from receiving protection under the policy (see Infinity Ins. Co. v Nazaire, 2016 NY Slip Op 31454[U], *5 [Sup Ct, Kings County]; Mutual Benefit Ins. Co. v Druce, 62 Pa D & C 4th at 39; cf. Optimal Well-Being Chiropractic, P.C. v Infinity Ins. Co., 46 Misc 3d 27, 29 [App Term, 2d Dept, 11th & 13th Jud Dists]). Accordingly, we agree with the Supreme Court's determination that Penn National Insurance failed to establish its entitlement to summary judgment on its cross claims against Janvier for a judgment declaring, inter alia, that it was not obligated to "indemnify any judgment obtained against . . . Janvier" arising out of the subject accident. Contrary to Penn National Insurance's contention, the court's [*3]determination that the plaintiffs may not maintain a direct action against it until after a judgment is entered in each action against Janvier (see Lang v Hanover Ins. Co., 3 NY3d 350; Jimenez v New York Cent. Mut. Fire Ins. Co., 71 AD3d 637, 639), is not at odds with the court's determination that Penn National Insurance is not entitled to summary judgment on its cross claims.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court