<partyblock>

Jules Francois Parisien, M.D., as Assignee of Olaveria, Eduardo, Appellant,  

against

Omni Indemnity Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie Montalbano, J.), entered May 29, 2018. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that, upon the application of Pennsylvania law, there was a lack of coverage due to the rescission ab initio of the automobile insurance policy in question. By order entered May 29, 2018, the Civil Court denied plaintiff's motion and granted defendant's cross motion. We note that no issue is raised on appeal regarding the applicability of Pennsylvania law.

Under Pennsylvania law, an insurer has a common-law right to rescind a policy of automobile insurance (see 40 Pa Cons Stat  991.2002, 991.2004; Erie Ins. Exch. v Lake, 543 Pa 363, 375, 671 A2d 681, 687 [1996]; Klopp v Keystone Ins. Cos., 528 Pa 1, 595 A2d 1 [1991]; Healthway Med. Care, P.C. v Infinity Group, 54 Misc 3d 132[A], 2017 NY Slip Op 50042[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The Pennsylvania Supreme Court has held, however, that while an automobile insurance policy may be retroactively rescinded as to an insured who has made a material misrepresentation, the policy may not be retroactively rescinded [*2]with respect to third parties "who are innocent of trickery, and injured through no fault of their own" (Erie Ins. Exch. v Lake, 543 Pa at 375, 671 A2d at 687; see also Island Life Chiropractic, P.C. v Infinity Group, 55 Misc 3d 42, 43 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The papers defendant submitted in support of its cross motion fail to set forth facts establishing, as a matter of law, that the assignor was not an innocent third party (see Island Life Chiropractic, P.C. v Infinity Group, 55 Misc 3d at 43; cf. Optimal Well-Being Chiropractic, P.C. v Infinity Ins. Corp., 46 Misc 3d 27 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Consequently, defendant failed to establish its entitlement to summary judgment dismissing the complaint.

However, contrary to plaintiff's contention, it failed to establish, as a matter of law, that defendant did not deny plaintiff's claims within the requisite period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]). Consequently, plaintiff failed to establish its prima facie case and, thus, its motion for summary judgment motion was properly denied.

Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.

ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 12, 2020

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>