Jules Francois Parisien, M.D., as Assignee of Peguero, Eimy, Respondent, 
against
Omni Indemnity Company, Appellant. 

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered April 17, 2018. The order, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that, upon the application of Pennsylvania law, there was a lack of coverage due to the rescission ab initio of the automobile insurance policy in question. By order entered April 17, 2018, the Civil Court denied both motions. Defendant appeals from so much of the order as denied its cross motion. We note that no issue is raised on appeal regarding the applicability of Pennsylvania law.
It is uncontroverted that the insured, who is also plaintiff's assignor, stated on her application for the Pennsylvania automobile insurance policy that, among other things, she resided in Pennsylvania and the vehicle was garaged at the same address where the insured/assignor resided. On June 3, 2016, the insured/assignor, while a passenger in the insured vehicle, was involved in an automobile accident in New York. In support of its cross motion for summary judgment dismissing the complaint, defendant argued, among other things, that, following the examination under oath of the insured/assignor, it determined that the insured/assignor resided in New York, not in Pennsylvania, and garaged the vehicle on the street in New York. Consequently, defendant rescinded the insurance policy ab initio pursuant to [*2]Pennsylvania law (see Erie Ins. Exch. v Lake, 543 Pa 363, 375, 671 A2d 681, 687 [1996]; Klopp v Keystone Ins. Cos., 528 Pa 1, 595 A2d 1 [1991]; Healthway Med. Care, P.C. v Infinity Group, 54 Misc 3d 132[A], 2017 NY Slip Op 50042[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
A review of the record indicates that the affidavit of defendant's litigation representative was sufficient to demonstrate that defendant had mailed the rescission letter and refund check to the insured/assignor. As defendant set forth facts showing that it had rescinded the insurance policy ab initio in accordance with Pennsylvania law, defendant established its prima facie entitlement to summary judgment dismissing the complaint, which showing plaintiff failed to rebut (see Healthway Med. Care, P.C. v Infinity Group, 54 Misc 3d 132[A], 2017 NY Slip Op 50042[U]). Moreover, we note that defendant did not have to prove that a material false statement had been made by the insured. This court has "held that an insurer need not establish the underlying reasons for the retroactive rescission of the policy, but rather has the burden of establishing that it complied with the law of the sister state which permits retroactive rescission" (Delta Diagnostic Radiology, P.C. v Infinity Group, 49 Misc 3d 42, 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see Craigg v Infinity Select Ins. Co., 38 Misc 3d 56 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross motion for summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 12, 2020