<partyblock>

Harry Keith Monroe, M.D., as Assignee of Olaverria, Eduardo, Appellant, against

against

Omni Indemnity Company, Respondent. Lower Court # 734014/16 Harry Keith Monroe, M.D., as Assignee of Olaverria, Eduardo, Appellant, Omni Indemnity Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.; op 60 Misc 3d 1229[A], 2018 NY Slip Op 51258[U] [2018] [appeal No. 2018-1759 K C]), entered May 23, 2018, and separate appeal from an order of that court entered May 23, 2018 (appeal No. 2018-2220 K C). The order in each action granted defendant's cross motion for summary judgment dismissing the respective complaint and, in effect, denied plaintiff's motion for summary judgment.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,

ORDERED that the order in each action is modified by providing that defendant's cross motion for summary judgment dismissing the respective complaint is denied; as so modified, the order in each action is affirmed, without costs.

In each of these two actions by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that, upon the application of Pennsylvania law, there was a lack of coverage due to the rescission ab initio of the automobile insurance policy in question. [*2]By orders entered May 23, 2018, the Civil Court granted each of defendant's cross motions and, in effect, denied each of plaintiff's motions. We note that no issue is raised on appeal regarding the applicability of Pennsylvania law.

Under Pennsylvania law, an insurer has a common-law right to rescind a policy of automobile insurance (see 40 Pa Cons Stat  991.2002, 991.2004; Erie Ins. Exch. v Lake, 543 Pa 363, 375, 671 A2d 681, 687 [1996]; Klopp v Keystone Ins. Cos., 528 Pa 1, 595 A2d 1 [1991]; Healthway Med. Care, P.C. v Infinity Group, 54 Misc 3d 132[A], 2017 NY Slip Op 50042[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The Pennsylvania Supreme Court has held, however, that, while an automobile insurance policy may be retroactively rescinded as to an insured who has made a material misrepresentation, the policy may not be retroactively rescinded with respect to third parties "who are innocent of trickery, and injured through no fault of their own" (Erie Ins. Exch. v Lake,543 Pa at 375, 671 A2d at 687; see also Island Life Chiropractic, P.C. v Infinity Group, 55 Misc 3d 42, 43 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The papers defendant submitted in support of its cross motions fail to set forth facts establishing, as a matter of law, that the assignor was not an innocent third party (see Island Life Chiropractic, P.C. v Infinity Group, 55 Misc 3d at 43; cf. Optimal Well-Being Chiropractic, P.C. v Infinity Ins. Corp., 46 Misc 3d 27 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Consequently, defendant failed to establish its entitlement in each action to summary judgment dismissing the respective complaint.

However, contrary to plaintiff's contention, it failed to establish, as a matter of law, that defendant did not deny plaintiff's claims in each action within the requisite period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]). Consequently, plaintiff failed to establish its prima facie case in either action and, thus, its motions for summary judgment were properly denied.

Accordingly, the order in each action is modified by providing that defendant's cross motion for summary judgment dismissing the respective complaint is denied.

ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 12, 2020

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>