■ In the Matter of INTEGON INSURANCE COMPANY, Appellant, v JEFFREY GOLDSON et al., Respondent. [751 NYS2d 527] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered February 15, 2001, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On February 14, 1998, a vehicle owned and operated by the respondent Jeffrey Goldson collided with a vehicle owned by the additional respondent Sandra Taylor and operated by Almeta Washington. Goldson's vehicle was insured by the petitioner. One of the additional respondents, Merchants & Business Men's Insurance Co. (hereinafter Merchants), was listed on the police report as the insurer of the Taylor vehicle. A Department of Motor Vehicles record search indicated that Liberty Mutual Insurance Co. (hereinafter Liberty), another additional respondent, insured the Taylor vehicle on the date of the accident.

At some point after the accident, Merchants disclaimed coverage stating that Washington fraudulently obtained coverage when she was not the titled owner. Liberty asserted that its coverage of the Taylor vehicle had been cancelled over a year before the accident. Accordingly, Goldson filed a demand for uninsured motorist arbitration with the petitioner. Ultimately, a hearing was held at which the petitioner contended that Liberty was the insurer of the Taylor vehicle because it had not properly cancelled its coverage in 1996. The Supreme Court held that Liberty's cancellation was not effective because it failed to comply with statutory requirements, but that its failure was excusable because replacement coverage was actually obtained from Merchants. The Supreme Court noted that the disclaimer by Merchants did not change the fact that replacement coverage was obtained. Accordingly, the Supreme Court dismissed the petition and directed that the arbitration proceed. We reverse.

While the Supreme Court was correct in its statement of the law regarding supervening coverage thereby releasing Liberty from any obligation to provide coverage regardless of its failure to properly cancel the policy it issued to Taylor (see *Employers Commercial Union Ins. Co. v Firemen's Fund Ins. Co.*, 45 NY2d 608; *Kaplan v Travelers Ins. Co.*, 205 AD2d 501), the Supreme Court failed to recognize Merchants' obligation to provide liability coverage for Goldson's claim. The law is settled that a purported ab initio or retroactive cancellation of automobile insurance based upon fraud by the insured is not permitted in New York, unless the claimant was a participant in the fraud (see *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d 293; *Eagle Ins. Co. v Liberty Mut. Ins. Co.*, 267 AD2d 347). Here, Goldson was clearly not involved in the fraud to procure

insurance from Merchants. Therefore, Merchants was obligated to provide liability coverage and the offending vehicle was not uninsured. The Supreme Court therefore erred in allowing the arbitration of Goldson's uninsured motorist claim to proceed. Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.