■ In the Matter of METLIFE AUTO & HOME, Appellant, v JEISSON AGUDELO et al., Respondents. GEICO INSURANCE COMPANY et al., Proposed Additional Respondents. [780 NYS2d 21]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (D. Schmidt, J.), dated June 25, 2003, which, after a hearing, denied the petition, and, in effect, dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

The respondents Jeisson Agudelo and Nilsa Mirabal (herein-

after the injured passengers) were the driver and a passenger, respectively, in a Honda automobile (hereinafter the Honda) which was involved in an accident with a Lincoln automobile (hereinafter the Lincoln) driven by the proposed additional respondent Noel A. Infante, Jr. The Honda was insured by the appellant Metlife Auto & Home (hereinafter Metlife). The proposed additional respondent GEICO Insurance Company (hereinafter GEICO) issued a policy covering the Lincoln, which allegedly was owned by the proposed additional respondent Jose A. Santiago. The injured passengers sought arbitration of their claim for uninsured motorist benefits under the Metlife policy after GEICO disclaimed coverage of the accident.

Metlife commenced this proceeding to permanently stay arbitration on the ground that the Lincoln was not an uninsured vehicle. Based upon the evidence submitted at the hearing, the Supreme Court determined that Santiago was not the owner of the Lincoln, did not purchase the policy from GEICO, and was a victim of identity theft. Thus, the Supreme Court denied Metlife's petition.

It is well settled that Vehicle and Traffic Law § 313 (1) (a) "supplants an insurance carrier's common-law right to cancel a contract of insurance retroactively on the grounds of fraud or misrepresentation, and mandates that the cancellation of a contract pursuant to its provisions may only be effected prospectively" (*Matter of Liberty Mut. Ins. Co. v McClellan*, 127 AD2d 767, 769 [1987]; *see Matter of Integon Ins. Co. v Goldson*, 300 AD2d 396 [2002]; *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d 293 [2000]). This provision "places the burden on the insurer to discover any fraud before issuing the policy, or as soon as possible thereafter, and protects innocent third parties who may be injured due to the insured's negligence" (*Matter of Insurance Co. of N. Am. v Kaplun, supra* at 298; *see Olivio v Government Empls. Ins. Co. of Washington, D.C.*, 46 AD2d 437 [1975]).

As it was undisputed that GEICO did not cancel the policy before the date of the accident, and as there was no evidence that the injured passengers participated in the fraud, GEICO was precluded from denying coverage to the injured passengers on the ground that the policy was fraudulently obtained (*see Taradena v Nationwide Mut. Ins. Co.*, 239 AD2d 876 [1997]). Therefore, the Lincoln was not an uninsured vehicle, and Metlife's petition to permanently stay arbitration should have been granted.

GEICO's reliance on *Anderson v Baker* (2 AD3d 376 [2003]) is misplaced, as the insurance carrier in that case was not a party

to the action, and its obligation to provide coverage under the policy was not at issue.

GEICO's remaining contentions are without merit. Altman, J.P., Krausman, Luciano, and Cozier, JJ., concur.