Judgment, Supreme Court, New York County (Leland G. DeGrasse, J.), entered July 5, 2007, insofar as appealed from as limited by the briefs, which, upon granting the petition pursuant to CELR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, declared that additional respondent State Farm Mutual Automobile Insurance Company’s disclaimer of coverage was valid, unanimously reversed, on the law, without costs, and the disclaimer of coverage declared invalid.
*333 Respondent Rahmanov was involved in a motor vehicle accident with a vehicle registered to additional respondent Mc-Kain and operated by additional respondent McDaniels. Rahmanov’s vehicle was insured by petitoner, while the car registered to McKain was allegedly insured by State Farm. Rahmanov subsequently notified petitioner of a potential uninsured motorist claim, while McDaniels and the two passengers in his vehicle at the time of the accident filed claims with State Farm.
Petitioner advised Rahmanov that it was unable to honor his claim because the vehicle operated by McDaniels was insured by State Farm. However, State Farm disclaimed liability to McDaniels and the passengers on the grounds of failure to cooperate and fraud. State Farm had determined that McKain was the victim of identity theft and had not procured the applicable insurance policy.
Following its receipt of a demand for arbitration from Rahmanov to resolve his claim, petitioner sought to permanently stay the arbitration. A framed-issue hearing was held to determine whether the vehicle operated by McDaniels was insured at the time of the accident and whether State Farm’s disclaimer of coverage was valid. At the conclusion of the hearing, the court granted the petition and determined that the vehicle operated by McDaniels was uninsured and that State Farm’s disclaimer of coverage was valid.
Dismissal of the appeal on the grounds that petitioner is not an aggrieved party would not be appropriate. Although the application for a permanent stay was granted, petitioner also sought relief in the form of having State Farm’s disclaimer of coverage deemed invalid. Accordingly, since petitioner did not obtain the full relief sought, it is an aggrieved party within the meaning of CPLR 5511 (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]).
The court improperly determined that State Farm’s disclaimer of coverage was valid. The evidence establishes that State Farm did not cancel the subject policy before the date of the accident, and there was no indication that Rahmanov participated in the fraud in obtaining the State Farm policy in McKain’s name. Under these circumstances, State Farm was precluded from denying coverage on the ground that the policy was fraudulently obtained (see Matter of Metlife Auto & Home v Agudelo, 8 AD3d 571 [2004]; Taradena v Nationwide Mut. Ins. Co., 239 AD2d 876 [1997]). Furthermore, the disclaimer of coverage, issued approximately three months after State Farm had sufficient knowledge of the reasons why it was disclaiming coverage, was *334 untimely as a matter of law (see e.g. Hartford Ins. Co. v County of Nassau, 46 NY2d 1028 [1979]; Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 88-89 [2005]; Campos v Sarro, 309 AD2d 888 [2003]). Concur—Tom, J.E, Andrias, Friedman, Catterson and Acosta, JJ.