■ In the Matter of GLOBAL LIBERTY INSURANCE Co. OF NY, Respondent, v JOSE PELAEZ et al., Respondents, and PROGRESSIVE CASUALTY INSURANCE COMPANY, Respondent-Appellant. [922 NYS2d 510]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Progressive Casualty Insurance Company appeals from an order of the Supreme Court, Queens County (Rios, J.), dated March 29, 2010, which, after a framed-issue hearing, granted the petition of Global Liberty Insurance Co. of NY to permanently stay arbitration demanded by Jose Pelaez and Narcisa Mizhquiri and directed it to provide insurance coverage for the subject loss.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the appellant, Progressive Casualty Insurance Company (hereinafter Progressive), coverage pursuant to the subject insurance policy commenced at 12:01 A.M. on July 7, 2007, as set forth on the insurance card issued by Progressive, pursuant to regulatory mandate (*see* 15 NYCRR 32.3 [f]; 32.4 [a]; 32.9 [d] [7]). Thus, the subject accident, which occurred at approximately 5:11 A.M. on that same date, was within the scope of the subject insurance policy's coverage.

Moreover, "Vehicle and Traffic Law § 313 (1) (a) 'supplants an insurance carrier's common-law right to cancel a contract of insurance retroactively on the grounds of fraud or misrepresentation, and mandates that the cancellation of a contract pursuant to its provisions may only be effected prospectively' " (*Matter of Metlife Auto & Home v Agudelo*, 8 AD3d 571, 572 [2004], quoting *Matter of Liberty Mut. Ins. Co. v McClellan*, 127 AD2d 767, 769 [1987]; *see Matter of Integon Ins. Co. v Goldson*, 300 AD2d 396, 397 [2002]; *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d 293, 297-298 [2000]). "This provision 'places the burden on the insurer to discover any fraud before issuing the policy, or as soon as possible thereafter, and protects innocent third parties who may be injured due to the insured's negligence' " (*Matter of Metlife Auto & Home v Agudelo*, 8 AD3d at 572, quoting *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d at 298).

Since it was undisputed that Progressive did not cancel the policy before the time of the accident, and as there was no evidence that the respondents Jose Pelaez and Narcisa Mizhquiri

(hereafter the injured passengers) participated in the alleged fraud, Progressive was precluded from denying coverage to the injured passengers on the ground that the policy was fraudulently obtained (*see Matter of Metlife Auto & Home v Agudelo*, 8 AD3d at 572; *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d at 298). Accordingly, the Supreme Court properly granted the petition of Global Liberty Insurance Co. of NY to permanently stay arbitration and directed Progressive to provide insurance coverage for the subject loss. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.