■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v EDWARD ALLEN, Respondent. INFINITY AUTO INSURANCE COMPANY, Proposed Respondent-Appellant, et al., Proposed Respondent. [944 NYS2d 761]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Infinity Auto Insurance Company appeals from an order of the Supreme Court, Queens County (Rios, J.), entered June 22, 2011, which, without a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, without costs or disbursements, the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether the subject vehicle was being operated without permission of the owner at the time of the accident and, thereafter, for a new determination of the petition, and the arbitration is temporarily stayed pending the hearing and determination.

On August 7, 2010, Edward Allen allegedly was injured while a passenger in a vehicle operated by Clifton Jordan. The vehicle was insured by Infinity Auto Insurance Company (hereinafter Infinity) under a policy issued by Infinity to Sarah L. Pemberton. In a letter dated September 1, 2010, Infinity disclaimed coverage on the grounds that Pemberton had died in 2003 and that Jordan was operating the vehicle without permission of the owner.

After Allen subsequently made a claim against the petitioner, his own insurance carrier, for uninsured motorist coverage, the petitioner commenced this proceeding to permanently stay arbitration of the claim, contending that the vehicle was insured by Infinity. In opposition to the petition, Infinity contended that the policy it issued to Pemberton had been validly "rescinded ab initio" based on Pemberton's death in 2003. Infinity also contended that it validly disclaimed coverage based on lack of permissive use, submitting a transcript of a recorded conversation in which Jordan gave a statement that could be interpreted as indicating that he "had no business" driving the subject car, which had belonged to his ex-wife's deceased mother and was sitting outside the home of his ex-wife, who never used it. The Supreme Court, without a hearing, granted the petition and permanently stayed arbitration.

Contrary to Infinity's contention, the Supreme Court correctly found that Infinity did not validly disclaim coverage on

the ground that it rescinded the subject policy upon learning, after the accident occurred, that Pemberton had died in 2003. "Vehicle and Traffic Law § 313 (1) (a) supplants an [insurer's] common-law right to cancel a contract of insurance retroactively on the grounds of fraud or misrepresentation, and mandates that the cancellation of a contract pursuant to its provisions may only be effected prospectively. This provision places the burden on the insurer to discover any fraud before issuing the policy, or as soon as possible thereafter, and protects innocent third parties who may be injured due to the insured's negligence" (*Matter of Global Liberty Ins. Co. of NY v Pelaez*, 84 AD3d 803, 803 [2011] [internal quotation marks and citations omitted]; *see Matter of Metlife Auto & Home v Agudelo*, 8 AD3d 571, 572 [2004]; *Matter of Integon Ins. Co. v Goldson*, 300 AD2d 396, 397-398 [2002]).

However, the Supreme Court erred in determining, as a matter of law, that Infinity did not validly disclaim coverage on the ground that Jordan was operating the vehicle without permission of the owner at the time of the accident. The evidence submitted by Infinity in opposition to the petition, which included the transcript of Jordan's statement, raised a triable issue of fact as to whether Jordan lacked express or implied permission to use the vehicle (*see Matter of Fiduciary Ins. Co. of Am. v Morris*, 84 AD3d 802 [2011]; *Matter of State Farm Mut. Auto. Ins. Co. v Fernandez*, 23 AD3d 480, 481 [2005]; *Matter of Aetna Cas. & Sur. Co. v Arhaniotis*, 202 AD2d 497, 498 [1994]). The fact that Pemberton had died seven years prior to the accident does not conclusively resolve this issue in favor of Infinity, since after Pemberton's death, the vehicle could have come under the ownership of another individual who gave Jordan express or implied permission to operate it. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing on the issue of whether the subject vehicle was being operated without permission of the owner at the time of the accident and, thereafter, for a new determination of the petition, and the arbitration must be temporarily stayed pending the hearing and determination. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.