Charles Deng Acupuncture, P.C., as Assignee of Turay, Santige, Appellant, —
against
21st Century Insurance Company, Respondent.




The Rybak Firm, PLLC, Damin J. Toell, Esq., for appellant.
Law Office of Bryan M. Rothenberg, Sharon A. Brennan, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered January 22, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint.
In support of its motion, defendant contended that the insured had fraudulently procured the insurance policy in question. Although defendant timely raised this defense in its denial of claim form, it presented no evidence that plaintiff's assignor, a passenger in the insured's vehicle at the time of the accident, had "participated in or was aware of" the insured's alleged fraudulent scheme to obtain the insurance policy (Alexander Alperovich, M.D., P.C. v Auto One Ins. Co., 24 Misc 3d 141[A], 2009 NY Slip Op 51721[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see also Matter of Metlife Auto & Home v Agudelo, 8 AD3d 571, 572 [2004]). [*2]Consequently, defendant is not entitled to summary judgment on that ground. 
To the extent that defendant also sought summary judgment on the ground of lack of coverage, a defense which is not subject to preclusion (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), we find that defendant's proffered evidence was insufficient to establish, as a matter of law, that the assignor's alleged injuries did not arise from an insured incident so as to warrant the dismissal of the complaint (see Central Gen. Hosp., 90 NY2d at 199; Tam Med. Supply Corp. v 21st Century Ins. Co., 51 Misc 3d 131[A], 2016 NY Slip Op 50402[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Infinity Health Prods., Ltd. v American Tr. Ins. Co., 30 Misc 3d 137[A], 2011 NY Slip Op 50195[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied. 
Solomon, J.P., Pesce and Elliot, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 31, 2017