State Farm Fire & Cas. Co. v Axial Chiropractic, P.C. (2022 NY Slip Op 03487)





State Farm Fire & Cas. Co. v Axial Chiropractic, P.C.


2022 NY Slip Op 03487


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Singh, Moulton, Kennedy, JJ. 


Index No. 160264/19 Appeal No. 16057 Case No. 2021-03534 

[*1]State Farm Fire and Casualty Company, Plaintiff-Appellant,
v
Axial Chiropractic, P.C. et al., Defendants-Respondents.


Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellant.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 31, 2021, which denied plaintiff insurer's motion for a default judgment on its claims seeking a declaration of noncoverage against all defaulting defendants (all defendants other than Axial Chiropractic, PC, Central Supplies of NY, Corp., Direct RX Pharmacy, Inc., LR Medical, PLLC, Nova Medical Diagnostic, PC, and NYRX Pharmacy, Inc.), unanimously reversed, on the law, without costs, the motion granted and it is so declared.
This declaratory judgment action concerns claims for no-fault insurance benefits made in connection with an automobile accident that occurred on October 25, 2018. As to the first and second causes of action seeking a declaration of noncoverage because the accident was not a covered event, as it was intentional or staged, plaintiff submitted sufficient evidence warranting entry of a default judgment (see CPLR 3215[f]; State Farm Mut. Auto Ins. Co. v Surgicore of Jersey City, LLC, 195 AD3d 454, 455 [1st Dept 2021]). The claim representative's affidavit and the additional evidence submitted, including an affidavit of the driver of the other car involved in the accident and dash-cam footage from that car, adequately set forth the factual basis for plaintiff's belief that the crash was not a covered event. These submissions were sufficient to determine that a viable declaratory judgment cause of action of non-coverage exists and, by failing to answer, the defaulting defendants are deemed to have admitted the factual allegations in the complaint (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; Surgicore, 195 AD3d at 455). In light of the foregoing, plaintiff was also entitled to a default judgment on its fifth cause of action seeking a declaration that it is not obligated to defend defendants Tason Cohen, Tatiana Richards, and Richardeer Mordaunt in connection with any claims arising out of the October 25, 2018 collision (see Matter of Liberty Mut. Ins. Co. v Goddard, 29 AD3d 698, 699 [2d Dept 2006]).
Concerning the third cause of action, plaintiff established that defendants Cohen, Andre Hinds, and Janelle McNeil, who assigned claims for no-fault benefits to the defendants medical service providers, and defendant Richards, the owner of the vehicle, failed to appear for properly noticed examinations under oath. Their failure to appear was a breach of a condition precedent to coverage and voids the policy ab initio (see Surgicore, 195 AD3d at 455-456; Unitrin Advantage Ins. Co. v Dowd, 194 AD3d 507, 508 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022