Booker v McMindes (2023 NY Slip Op 05169)

Booker v McMindes

2023 NY Slip Op 05169

Decided on October 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 12, 2023

534567
[*1]Amin Booker, Appellant,
v
Scott McMindes, as Correction Officer at Elmira Correctional Facility, et al., Respondents.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

Amin Booker, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Garry, P.J.
Appeal from an order of the Supreme Court (Justin Corcoran, J.), entered December 3, 2021 in Albany County, which, among other things, held in abeyance plaintiff's motion for a default judgment and partially granted defendants' motion to dismiss the complaint.
In 2018, plaintiff filed a verified complaint, and subsequently filed an amended complaint, asserting civil rights claims under 42 USC § 1983 and state law claims against defendants, who are various employees of the Department of Corrections and Community Supervision.[FN1] In July 2020, plaintiff moved for a default judgment, which Supreme Court initially denied based upon a finding that plaintiff failed to establish proper service in accordance with CPLR 308 (2). In a decision entered January 27, 2021, the court granted plaintiff's subsequent motion for reargument. To that end, in July 2021, defendants opposed plaintiff's motion for default judgment, asserting, among other things, that plaintiff had not effectuated proper service on defendants as alleged. Defendants also cross-moved to dismiss the complaint, alleging, in addition to lack of personal jurisdiction, that certain claims were barred by lack of subject matter jurisdiction and the statute of limitations and failed to state a cause of action. In the event their motion to dismiss was not granted, defendants, in the alternative, moved to transfer venue to Chemung County.
Supreme Court partially granted defendants' motion to dismiss to the extent of dismissing all causes of actions sounding in negligence, intentional tort and medical malpractice, as well as dismissing all causes of action against defendants Kenneth Mussaw Jr. and Donald Venettozzi. The court held in abeyance both plaintiff's motion seeking a default judgment and defendants' cross-motion to dismiss for lack of personal jurisdiction pending further proceedings to determine whether service was properly made upon defendants Scott McMindes, Jeffery Isaacs and Candice Baker. In addition, the court granted defendants' motion for a change of venue. Plaintiff appeals.
Initially, we are unpersuaded by plaintiff's contention that Supreme Court improvidently exercised its discretion in considering defendants' allegedly untimely opposition papers and cross-motion (see generally CPLR 2004). Turning to the merits, plaintiff contends that Supreme Court abused its discretion in not granting a default judgment. We disagree. "When considering an application for a default judgment, it is incumbent upon the court to examine the proof submitted pursuant to CPLR 3215 (f) and determine whether a viable cause of action exists" (Xiaokang Xu v Xiaoling Shirley He, 147 AD3d 1223, 1226 [3d Dept 2017] [internal quotation marks and citations omitted]). As required, Supreme Court here considered the merits of the causes of action and determined that the causes of action sounding in negligence, intentional tort and medical malpractice, as well as the constitutional claims against Mussaw and Venettozzi[*2], were not viable. Given that those claims were not viable, plaintiff was not entitled to a default judgement as to such claims.[FN2] As for the remaining claims, alleging First and Eighth Amendment violations by McMindes, Isaacs and Baker, the court held in abeyance any determination regarding a default judgment for those claims pending a traverse hearing. Thus, plaintiff's challenge thereto is premature (see Hodges v Beattie, 68 AD3d 1597, 1599 [3d Dept 2009]).
Finally, to the extent that plaintiff challenges the change of venue, he is correct that the parties could not be found to be material witnesses justifying a change of venue pursuant to CPLR 510 (3) (see State of New York v Konikov, 182 AD3d 750, 754-755 [3d Dept 2020], lv denied 36 NY3d 906 [2021]; State of New York v Quintal, Inc., 79 AD3d 1357, 1357-1358 [3d Dept 2010]; Ithaca Peripherals v Sequoia Pac. Sys. Corps., 141 AD2d 909, 910 [3d Dept 1988]). Nevertheless, based upon the other factors relied upon by Supreme Court — specifically, that none of the events underlying the claim occurred nor do any of the remaining defendants reside in Albany County now that the claims against Venettozzi were dismissed, and that a pending related action filed by plaintiff against, among others, the remaining defendants had previously been transferred to Chemung County — we are unpersuaded that the court abused its discretion in granting the motion for a change of venue (see CPLR 510 [1]; Matter of Schulz v New York State Legislature, 252 AD2d 717, 718-719 [3d Dept 1998], appeal dismissed 92 NY2d 917 [1998]).
Egan Jr., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: As noted by Supreme Court, plaintiff does not specify whether he is suing defendants in their official or individual capacities.

Footnote 2: Plaintiff does not challenge the grounds upon which Supreme Court dismissed those causes of action.