Peak Prop. & Cas. Ins. Corp. v Mulverhill (2025 NY Slip Op 03675)

Peak Prop. & Cas. Ins. Corp. v Mulverhill

2025 NY Slip Op 03675

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-0569
[*1]Peak Property and Casualty Insurance Corporation, Appellant,
v
MacKenzie Mulverhill et al., Defendants.

Calendar Date:April 30, 2025

Before:Pritzker, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Alahverdian Van Leuvan, PC, Bethpage (Gerard R. Van Leuvan of counsel), for appellant.

Powers, J.
Appeal from an order of the Supreme Court (Mark Masler, J.), entered March 8, 2024 in Cortland County, which, upon reargument, adhered to its prior determination denying plaintiff's motion for, among other things, default judgment.
In May 2022, defendant Roberto Velasquez was involved in a rear-end collision with a vehicle operated by defendant Katie James in the City of Cortland, Cortland County. At the time of the accident, Velasquez was operating a vehicle registered and insured in the name of defendant Mackenzie Mulverhill. Mulverhill had previously purchased an automobile insurance policy for this vehicle through plaintiff and, on her application, had listed an address in the state of Florida as her residence and the location where the vehicle would be garaged. Following the accident, plaintiff initiated an investigation and determined Mulverhill to be a New York resident at the time of the accident. Plaintiff mailed requests to Mulverhill and Velasquez to appear for examinations under oath; however, neither appeared.
Plaintiff commenced this declaratory judgment action in November 2022, alleging that it was not required to indemnify any party under the terms of the policy issued to Mulverhill for the subject accident. Plaintiff claimed, among other things, that Mulverhill's misrepresentation of her address rendered the policy void at its inception and, furthermore, that the contract had been breached by Mulverhill's and Velasquez's failure to appear for the examinations under oath. Defendants did not answer, and plaintiff moved for default, as well as summary judgment advancing these arguments. In a November 2023 order, Supreme Court found that the policy was not void, and that there was insufficient proof as to whether Mulverhill and Velasquez had been notified of the examinations in compliance with the required regulatory procedure and, therefore, denied plaintiff's motion. Subsequently, in February 2024, plaintiff filed a virtually identical motion seeking the same relief. Although plaintiff did not label the motion as such, the court construed the motion as one seeking reargument of the prior motion and, addressing the merits thereof, adhered to its prior decision (see CPLR 2221). Plaintiff appeals.[FN1]
"A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and is properly granted upon a showing that the court overlooked or misapprehended the facts and/or the law or mistakenly arrived at its earlier decision" (Guidarelli v City of Schenectady, 167 AD3d 1402, 1403 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; see Liberty Mut. Ins. Co. v PMI Newco, LLC, 225 AD3d 941, 942 [3d Dept 2024]). With respect to the merits of plaintiff's motion for default judgment, "[w]hen considering an application for a default judgment, it is incumbent upon the court to examine the proof submitted pursuant to CPLR 3215 (f) and determine whether a viable cause of action exists" (Booker [*2]v McMindes, 220 AD3d 1026, 1027 [3d Dept 2023] [internal quotation marks and citations omitted], appeal dismissed 41 NY3d 962 [2024]; see Gordon v Rockwood, 232 AD3d 976, 978 [3d Dept 2024]).
As to the first argument, plaintiff may not disclaim coverage on the grounds that it learned — upon investigation, after the accident — that plaintiff was not a Florida resident at the time of the accident. "Vehicle and Traffic Law § 313 (1) (a) supplants an insurer's common-law right to cancel a contract of insurance retroactively on the grounds of fraud or misrepresentation, and mandates that the cancellation of a contract pursuant to its provisions may only be effected prospectively. This provision places the burden on the insurer to discover any fraud before issuing the policy, or as soon as possible thereafter, and protects innocent third parties who may be injured due to the insured's negligence" (Matter of Government Empls. Ins. Co. v Allen, 95 AD3d 1322, 1323 [2d Dept 2012] [internal quotation marks, brackets and citations omitted]; see Matter of Government Empls. Ins. Co. v Phillip, 98 AD3d 616, 616-617 [2d Dept 2012]). Thus, as it is undisputed that plaintiff did not cancel the policy before the accident, it may not annul the contract and disclaim coverage by way of this action (see Matter of Government Empls. Ins. Co. v Allen, 95 AD3d at 1322-1323; Matter of Global Liberty Ins. Co. of NY v Pelaez, 84 AD3d 803, 803-804 [2d Dept 2011]; cf. Maki v Northland Ins. Co., 174 AD3d 1083, 1084-1085 [3d Dept 2019]; Matter of Progressive Advanced Ins. Co. v Jordan, 171 AD3d 1553, 1555 [4th Dept 2019]).
As to the second argument, "[a]n insurer must affirmatively establish that it complied with the strict no-fault insurance claim procedures set forth in 11 NYCRR 65-3.5" (Country-Wide Ins. Co. v Delacruz, 205 AD3d 473, 474 [1st Dept 2022]). Thereunder, within 10 business days after receipt of an application for no-fault benefits, an insurer is required to send verification forms "to the parties required to complete them" and, upon return of these forms, must request "any additional verification required by the insurer to establish proof of claim . . . within 15 business days" (11 NYCRR 65-3.5 [a], [b]). This includes, as is relevant here, any request for examinations under oath (see State Farm Mut. Auto. Ins. Co. v AK Global Supply Corp., 203 AD3d 556, 557 [1st Dept 2022]; State Farm Mut. Auto. Ins. Co. v Surgicore of Jersey City, LLC, 195 AD3d 454, 455 [1st Dept 2021]). "[I]f any requested verifications has not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested" (11 NYCRR 65-3.6 [b]). In support of its motion, plaintiff provided a letter purportedly sent to Mulverhill and Velasquez, dated May 24, 2022, which confirmed that it had received a claim related to the accident in question; letters, bearing the date June 20, 2022, notifying [*3]Mulverhill and Velasquez of the examination under oath to be held on September 15, 2022; and subsequent letters, bearing the date September 28, 2022, notifying Mulverhill and Velasquez of another scheduled examination under oath to be held on October 26, 2022. These documents fail to establish that plaintiff complied with the timing requirements set forth in 11 NYCRR 65-3.5 and 65-3.6, which is fatal here (see Hertz Vehicles, LLC v Best Touch PT, P.C., 162 AD3d 617, 617-618 [1st Dept 2018]; compare Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C., 167 AD3d 192, 197 [4th Dept 2018], with State Farm Mut. Auto. Ins. Co. v All City Family Healthcare Ctr., Inc., 206 AD3d 584, 585 [1st Dept 2022], and State Farm Fire & Cas. Co. v Axial Chiropractic, P.C., 205 AD3d 656, 657 [1st Dept 2022]).
For the foregoing reasons, plaintiff failed to demonstrate that it had a viable cause of action and, as such, Supreme Court appropriately denied plaintiff's motion for default judgment. Accordingly, that aspect of plaintiff's motion seeking summary judgment was also properly denied and, upon reargument, the court correctly adhered to its prior decision.
Pritzker, J.P., Lynch, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: It well established that no appeal lies from an order denying reargument (see Gordon v Rockwood, 232 AD3d 976, 978 [3d Dept 2024]). However, Supreme Court considered the merits of the motion for reargument in the course of denying the motion, thus we deem the court to have granted reargument and adhered to its prior decision, rendering the order appealable as of right (see Matter of New York Civ. Liberties Union v New York State Police, 228 AD3d 1162, 1164 [3d Dept 2024], lv denied 43 NY3d 904 [2025]; Van Ryn v Goland, 189 AD3d 1749, 1751 [3d Dept 2020]).