■ ANNA RUSSO, Respondent, v EVECO DEVELOPMENT CORP., Also Known as COLIN DEVELOPMENT CORP., et al., Appellants. [683 NYS2d 566] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 13, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in denying the defendants' motion for summary judgment as untimely under CPLR 3212 (a). To be timely, a motion for summary judgment must be made no later than 120 days after the filing of the note of issue (see, CPLR 3212 [a]). A motion is made when a notice of motion is served (see, CPLR 2211). Although the return date of the defendants' motion was more than 120 days after the filing of the note of issue, the notice of motion was properly served on the plaintiff pursuant to CPLR 2103 (b) within the 120-day period, and thus, the motion was timely.

Furthermore, the defendants demonstrated their entitlement to summary judgment on the merits. To establish a prima facie case of negligence in a slip and fall case, a plaintiff must demonstrate that the defendant either created the condition which caused the accident, or had actual or constructive notice of it. To constitute constructive notice, a defect must be visible and apparent, and must exist for a sufficient length of time prior to the accident to permit the defendants' employees to discover and remedy it (see, Gordon v American Museum of Natural History, 67 NY2d 838; Kraemer v K-Mart Corp., 226 AD2d 590). There was no evidence that the defendants caused the debris, which allegedly contributed to the plaintiff's fall, to be on the sidewalk, nor is there any evidence that the defendants had actual or constructive knowledge thereof. Furthermore, to the extent that the plaintiff claims that her fall was caused by the defective design of a wheel stop and sidewalk curb, landowners cannot be held liable for alleged defects which do not constitute a trap or snare, or where the alleged defect is clearly visible (see, Gross v Lewis, 5 NY2d 884; Pilato v Diamond, 209 AD2d 393). Here the defective design alleged by the plaintiff was clearly visible. Miller, J. P., Pizzuto, McGinity and Luciano, JJ., concur.