■ GENE PIETRAFESA, as Executor of MARIE PIETRAFESA, Deceased, Respondent, v ANTHONY CANESTRO, Appellant. [13 NYS3d 204]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered November 25, 2014, which, in effect, denied that branch of his motion which was to restore the case to the motion calendar for disposition of certain pending and undecided motions, and denied, as untimely, his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was to restore the case to the motion calendar for disposition of the pending and undecided motions is granted, and the matter is remitted to the Supreme Court, Queens County, for a determination of the merits of the defendant's motion for summary judgment dismissing the complaint and the plaintiff's cross motion for summary judgment on the issue of liability.

On October 14, 2010, Marie Pietrafesa (hereinafter the decedent) allegedly sustained injuries when she slipped and fell in the driveway of the defendant's residence in Queens. Subsequently, the decedent commenced this action to recover damages for personal injuries. On or about May 20, 2013, after depositions had been taken, the defendant moved for summary judgment dismissing the complaint.

On July 11, 2013, the decedent died. When a party to an action dies, the proceedings are automatically stayed and the Supreme Court is divested of jurisdiction to conduct proceedings until a personal representative is appointed for the decedent's estate and is substituted in the action (see CPLR 1015, 1021; Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1323 [2010]; Manto v Cerbone, 71 AD3d 1099, 1100 [2010]).

On July 12, 2013, the day after the decedent died, the decedent's counsel filed papers opposing the defendant's motion, and cross-moved for summary judgment on the issue of liability. That same day, the decedent's counsel also filed a note of issue. Thereafter, the defendant served a reply and an amended reply to the decedent's opposition. The motion and cross motion were made returnable in the Supreme Court on September 9, 2013. The record does not reveal whether the decedent's counsel was aware that her client had died the day before she filed the opposition to the motion, the cross motion, and the note of issue.

On February 20, 2014, Gene Pietrafesa, as executor of the estate of Marie Pietrafesa, was substituted as the plaintiff in this action.

Beginning in April 2014, the defendant made several informal requests that the Supreme Court place the pending motion and cross motion back on the motion calendar because the automatic stay had been lifted. On August 8, 2014, the defendant made a formal motion to restore the case to the active calendar and, in effect, for a determination on his pending, but undecided, motion. The plaintiff did not oppose that branch of the defendant's motion which sought to restore the case to the calendar. Further, the plaintiff specifically requested that the court also consider his cross motion for summary judgment, and submitted a reply to the defendant's opposition to the cross motion.

Without specifically addressing that branch of the defendant's motion which was to restore the case to the calendar, the Supreme Court denied the defendant's motion for summary judgment, finding that it was untimely under CPLR 3212 (a) because it was "not made until August 8, 2014," more than 120 days after the filing of the note of issue.

Contrary to the Supreme Court's determination, the defendant's motion for summary judgment was made when the motion papers were served in May 2013, which was prior to both the filing of the note of issue and the decedent's death in July 2013 (see CPLR 2211; Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560, 561 [2006]; Russo v Eveco Dev. Corp., 256 AD2d 566 [1998]). Therefore, the defendant's motion was timely made pursuant to CPLR 3212 (a). The fact that the defendant, in effect, renewed his pending motion for summary judgment in August 2014, after a personal representative was substituted for the decedent, did not render his motion untimely. Under the circumstances presented here, the timeliness of the defendant's motion must be judged by the date of service of the original motion papers, rather than the renewed motion papers (cf. Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d at 562).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to restore the case to the motion calendar, and then determined the merits of his pending, but undecided, motion for summary judgment, taking into consideration the plaintiff's opposition, and the defendant's reply and amended reply. Further, the Supreme Court should have determined the merits of the plaintiff's cross motion, taking into consideration the defendant's opposition and the plaintiff's reply. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.