Metro Psychological Services, P.C., as Assignee of Huertas Stephane, Appellant,
against
American Transit Insurance Company, Respondent. 




Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt and David Steigbigel of counsel), for appellant.
Law Office of Daniel J. Tucker (Joshua M. Goldberg of Netanel Ben Chaim of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), dated March 27, 2017. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff filed a notice of trial on January 14, 2016. By notice of motion returnable on June 19, 2016, which was mailed to plaintiff's attorney on May 11, 2016, defendant moved for summary judgment dismissing the complaint on the ground that there was no coverage for the accident at issue. Plaintiff opposed the motion. By order dated March 27, 2017, the Civil Court granted the motion.
Contrary to plaintiff's contention, defendant's motion for summary judgment dismissing the complaint was not untimely under CPLR 3212 (a). CPLR 3212 (a) provides that a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (see also Brill v City of New York, 2 NY3d 648, 651 [2004]). A motion is made when the notice of motion is served (see CPLR 2211; Russo v Eveco Dev. Corp., 256 AD2d 566, 566 [1998]; Chimbay v Palma, 14 Misc [*2]3d 130[A], 2007 NY Slip Op 50019[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), and when a motion is served upon a party's attorney by mail, service is complete upon mailing (see CPLR 2103 [b] [2]; Pietrafesa v Canestro, 130 AD3d 602 [2015]). Here, it is uncontroverted that the notice of trial was filed on January 14, 2016 and, thus, the 120-day period expired on May 13, 2016. Since defendant served its motion upon plaintiff's attorney on May 11, 2016, defendant's motion was timely.
Plaintiff further contends that what purports to be the insured's affidavit, which was annexed as an exhibit to defendant's motion papers, should not have been considered because its notarization was "completely illegible," and it did not contain a caption. We need not decide this issue since, even if the document were considered, it merely demonstrated that the insured did not operate his vehicle on the day of the accident because he was out of town, and observed no damage to the vehicle upon his return. The affidavit was insufficient to establish, as a matter of law, that the vehicle was not involved in the accident at issue. As a result, defendant's motion for summary judgment dismissing the complaint should have been denied.
Plaintiff's remaining arguments lack merit or are unpreserved for appellate review.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019