Longevity Medical Supply, Inc., as Assignee of Julian Kenrick, Appellant,
against
Travelers Property & Casualty Insurance Company, Respondent. 




Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt and David Steigbigel of counsel), for appellant.
Law Office of Aloy O. Ibuzor (Gina M. Spiteriof counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered November 3, 2017. The order, insofar as appealed from, granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order, insofar as appealed from, is affirmed with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court as granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.
Plaintiff contends that the Civil Court should not have considered defendant's motion for summary judgment dismissing the complaint because the motion was filed more than 120 days after the notice of trial had been filed. A motion for summary judgment must be made no later than 120 days after the filing of the notice of trial, which is the Civil Court equivalent of a note of issue, except with leave of court on good cause shown (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 651 [2004]). A motion is made when the notice of motion is served (see CPLR 2211; Russo v Eveco Dev. Corp., 256 AD2d 566, 566 [1998]; Chimbay v Palma, 14 Misc 3d 130[A], 2007 NY Slip Op 50019[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), and service of a motion upon a party's attorney by mail is completed upon mailing (see CPLR 2103 [*2][b] [2]). It is uncontroverted that the notice of trial was filed on August 24, 2016. Consequently, the 120-day period expired on December 22, 2016. Since the affidavit of service of defendant's motion states that defendant mailed the motion to plaintiff's attorney on December 13, 2016, defendant's motion for summary judgment dismissing the complaint was timely (see CPLR 2103 [b] [2]; Pietrafesa v Canestro, 130 AD3d 602 [2015]).
Contrary to plaintiff's contention, the affidavits submitted by defendant established its standard office practices and procedures for its mailing of denial of claim forms, and that the denials in the case at bar had been properly and timely mailed to plaintiff (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Moreover, defendant's affidavits demonstrated that it had twice duly demanded an examination under oath from the assignor, that the assignor had twice failed to appear, and that defendant had denied the claims based on the assignor's failure to appear (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; Parisien v Metlife Auto & Home, 54 Misc 3d 143[A], 2017 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Plaintiff's remaining contentions lack merit or are unpreserved for appellate review. Consequently, the Civil Court properly granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019