Parisien v Metlife Auto & Home (2020 NY Slip Op 50845(U))

[*1]

Parisien v Metlife Auto & Home

2020 NY Slip Op 50845(U) [68 Misc 3d 126(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., THOMAS P. ALIOTTA, BERNICE D.
SIEGAL, JJ

2018-1727 K C

Jules Francois Parisien, M.D., as Assignee
of Phillips, John, Appellant, 
against
Metlife Auto & Home, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP (Nathan M. Shapiro of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered May 10, 2018. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court entered May 10, 2018 which granted defendant's motion for
summary judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.
Defendant denied the claims on the ground that plaintiff had failed to appear for duly
scheduled examinations under oath (EUOs). Plaintiff argues that defendant failed to comply with
plaintiff's "timely and proper requests to [re]schedule the EUO to be held at a reasonably
convenient location." Upon a review of the record, we find that a triable issue of fact exists as to
whether the EUOs were scheduled to be held at a place which was "reasonably convenient" to
plaintiff (see 11 NYCRR 65-3.5 [e]). Consequently, defendant's motion for summary
judgment dismissing the complaint should have been denied. 
However, there is no merit to plaintiff's further assertion that defendant's motion should
[*2]also have been denied on the ground that defendant had failed
to establish that it possessed a reasonable basis for requesting the EUOs of plaintiff. This court
has held on multiple occasions that an insurer "d[oes] not need to set forth the objective reasons
for the requested EUOs as part of its prima facie showing of entitlement to judgment as a matter
of law" (Barakat Med. Care, P.C. v
Nationwide Ins. Co., 49 Misc 3d 147[A], 2015 NY Slip Op 51677[U], *1 [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2015]; see New Way Med. Supply Corp. v State Farm Mut. Auto. Ins. Co., 64
Misc 3d 136[A], 2019 NY Slip Op 51158[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]; Gentlecare Ambulatory
Anesthesia Servs. v Geico Ins. Co., 57 Misc 3d 150[A], 2017 NY Slip Op 51518[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Parisien v Metlife Auto & Home, 54 Misc 3d 143[A], 2017
NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto .
Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]). 
Contrary to plaintiff's assertion, plaintiff's cross motion was properly denied, as the proof
submitted by plaintiff failed to establish that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v
Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely
denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co.,
32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied. 
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020