Omphil Care, Inc. v Pearl Holding Group Managing Gen. Agent for Ocean Harbor Cas.
Ins. Co. (2020 NY Slip Op 50946(U))

[*1]

Omphil Care, Inc. v Pearl Holding Group Managing Gen. Agent for
Ocean Harbor Cas. Ins. Co.

2020 NY Slip Op 50946(U) [68 Misc 3d 129(A)]

Decided on August 14, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 14, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-571 K C

Omphil Care, Inc., as Assignee of Moses,
Edouard, Appellant, 
against
Pearl Holding Group Managing General Agent for Ocean Harbor
Casualty Insurance Company, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Gallo, Vitucci & Klar, LLP (Richard E. Weber and Marissa Dunderdale of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered March 18, 2019. The order denied plaintiff's motion for summary judgment
and granted defendant's cross motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment and defendant cross-moved for summary judgment dismissing the
complaint on the ground that the automobile insurance policy in question had been issued in
Florida and that, pursuant to Florida law, there was a lack of coverage due to the valid rescission
of the automobile insurance policy and the refund of the insured's premiums. Plaintiff appeals
from an order of the Civil Court entered March 18, 2019 which denied plaintiff's motion and
granted defendant's cross motion.
It is undisputed that the vehicle in question was insured by defendant under a Florida
automobile insurance policy. According to an affidavit submitted by an employee of defendant's
managing general agent, an investigation conducted after the accident revealed that, at the time
the policyholder had applied for automobile insurance, he did not reside at the Florida address
listed on his insurance application, and that the insured vehicle was not being garaged in Florida
[*2]for the period stated on the application. Subsequent to
defendant's investigation, it initiated a declaratory judgment action in Florida Circuit Court in
Broward County in which a final judgment was entered declaring the subject policy null and void
based on the applicant's misrepresentations in procuring the policy. Defendant then rescinded the
policy ab initio, pursuant to Florida Statutes Annotated, title 37, § 627.409, which permits
the retroactive rescission of an insurance policy if there has been a material misrepresentation in
the application for insurance.
It is undisputed by the parties that Florida law applies. Inasmuch as defendant's cross motion
papers demonstrated that a rescission notice was sent to the insured, and that defendant had
returned, or tendered, all premiums paid to the insured within a reasonable period of time after
defendant's discovery of the grounds for rescinding the policy, defendant established, prima facie,
that it had voided the policy ab initio pursuant to Florida law (see W.H.O. Acupuncture, P.C. v Infinity Prop. & Cas. Co., 36
Misc 3d 4, 6-7 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012], citing
Leonardo v State Farm Fire and Cas. Co., 675 So 2d 176, 179 [Fla Dist Ct App, 4th Dist
1996]).
Plaintiff's remaining arguments are not properly before this court as they are being raised for
the first time on appeal, and we decline to consider them (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Mind & Body Acupuncture, P.C. v
Elrac, Inc., 48 Misc 3d 139[A], 2015 NY Slip Op 51219[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2015]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 14, 2020