RX for You v Nationwide Ins. Co. of Am. (2021 NY Slip Op 51171(U))

[*1]

RX for You v Nationwide Ins. Co. of Am.

2021 NY Slip Op 51171(U) [73 Misc 3d 139(A)]

Decided on December 3, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-588 K C

RX For You, as Assignee of Bateau Tyra,
Appellant,
against
Nationwide Insurance Company of America, Respondent.

Gary Tsirelman, P.C. (Darya Klein of counsel), for appellant.
Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered March 18, 2019. The order, insofar as appealed from as limited by the
brief, granted defendant's motion for summary judgment dismissing the complaint and denied the
branches of plaintiff's cross motion seeking a "finding that Plaintiff's prima facie case has been
established" and an order sanctioning defendant.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment on the ground that plaintiff's assignor had failed to appear at duly
scheduled examinations under oath (EUOs). Plaintiff cross-moved for summary judgment or, in
the alternative, for a "finding that Plaintiff's prima facie case has been established," and an order
sanctioning defendant. Insofar as is relevant to this appeal, by order entered March 18, 2019, the
Civil Court granted defendant's motion and denied the branches of plaintiff's cross motion
seeking a "finding that Plaintiff's prima facie case had been established" and an order sanctioning
defendant.
Upon a review of the record, we find that a triable issue of fact exists as to whether the EUOs
were scheduled to be held at a place which was "reasonably convenient" to plaintiff (see
11 NYCRR 65-3.5 [e]; Parisien v
Metlife Auto & Home, 68 Misc 3d 126[A], 2020 NY Slip Op 50845[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). In addition, there is also an issue of fact
as to whether, prior to the EUO scheduled for October 14, 2016, the parties mutually agreed to
reschedule the EUO (see DVS
Chiropractic, P.C. v Interboro Ins. Co., 36 Misc 3d 138[A], 2012 NY Slip Op 51443[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Plaintiff's contention that the Civil Court should have granted the branches of plaintiff's cross
motion seeking a "finding that Plaintiff's prima facie case has been established" and an order
sanctioning defendant lacks merit.
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2021