Blackman Pelham Med., P.C. v Ocean Harbor Cas. Ins. Co. (2021 NY Slip Op
51257(U))

[*1]

Blackman Pelham Med., P.C. v Ocean Harbor Cas. Ins. Co.

2021 NY Slip Op 51257(U) [73 Misc 3d 146(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-787 K C

Blackman Pelham Medical, P.C., as
Assignee of Sunil Bicano, Appellant,
against
Ocean Harbor Casualty Insurance Co., Respondent.

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Gallo, Vitucci & Klar, LLP, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Matthew P.
Blum, J.), entered March 10, 2020. The order granted defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that, pursuant to Florida law,
there was a lack of coverage due to the valid rescission, ab initio, of the Florida automobile
insurance policy in question. According to an affidavit submitted by an employee of defendant's
managing general agent, an investigation conducted after the accident revealed that, at the time
the policy was renewed, about three weeks before the accident, the policyholder, who is also the
assignor, did not reside, or garage the vehicle, in Florida. Plaintiff opposed the motion. By order
entered March 10, 2020, the Civil Court granted the motion. On appeal, plaintiff contends that
New York law, which does not permit retroactive rescission, controls and, in any event, that
defendant failed to demonstrate that the insurance policy had been properly rescinded in
accordance with Florida law.
Upon a review of the record, we find that the Civil Court properly applied Florida law to the
substantive issue involved herein (see Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs.
Ins. Co.], 81 NY2d 219, 223 [1993]; Auten v Auten, 308 NY 155, 160-161 [1954];
Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 60 [2000]). In order to demonstrate
that an [*2]automobile insurance policy has been properly
rescinded ab initio in accordance with Florida law, an insurer must demonstrate that it gave
notice of the rescission to the policyholder and that it returned, or tendered, all paid premiums
within a reasonable time after the discovery of the grounds for avoiding the policy (see
Fla Stat Ann § 627.728 [5]; Leonardo v State Farm Fire and Cas. Co., 675 So 2d
176, 179 [Fla Dist Ct App, 4th Dist 1996]; see also United Auto. Ins. Co. v Salgado, 22
So 3d 594, 600-601 [Fla Dist Ct App, 3d Dist 2009]). Contrary to plaintiff's arguments, in the
case at bar, defendant was not required to demonstrate the basis for the retroactive rescission in
support of its motion for summary judgment (see Craigg v Infinity Select Ins. Co., 38 Misc 3d 56, 58 [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2013]).
As defendant's motion papers demonstrated that a rescission notice was sent to the
policyholder, and that defendant had returned all premiums paid to the policyholder within a
reasonable period of time after defendant's discovery of the grounds for rescinding the policy,
defendant established, prima facie, that it had voided the policy ab initio pursuant to Florida law
(see Omphil Care, Inc. v Pearl Holding
Group Managing Gen. Agent for Ocean Harbor Cas. Ins. Co., 68 Misc 3d 129[A], 2020
NY Slip Op 50946[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; W.H.O. Acupuncture, P.C. v Infinity Prop.
& Cas. Co., 36 Misc 3d 4, 6-7 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012], citing Leonardo v State Farm Fire and Cas. Co., 675 So 2d at 179). Plaintiff failed
to raise a triable issue of fact in opposition to the motion (see Zuckerman v City of New
York, 49 NY2d 557 [1980]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021