BSS Med., P.C. v Metropolitan Prop. & Cas. Ins. (2021 NY Slip Op
51255(U))

[*1]

BSS Med., P.C. v Metropolitan Prop. & Cas. Ins.

2021 NY Slip Op 51255(U) [73 Misc 3d 146(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-534 K C

BSS Medical, P.C., as Assignee of Carlton
Holder and Keldon Frederick, Respondent,
against
Metropolitan Property and Casualty Ins., Appellant.

Bruno, Gerbino, Soriano & Aitken, LLP (Susan B. Eisner of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Ira R.
Greenberg, J.), entered October 7, 2019. The order denied as untimely defendant's motion for
summary judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and the matter is remitted to the Civil
Court for a determination of defendant's motion on the merits.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff filed a
notice of trial on June 14, 2018. On October 12, 2018, defendant moved for summary judgment
dismissing the complaint. Plaintiff opposed the motion on the ground that defendant's motion
was untimely. By order entered October 7, 2019, the Civil Court denied defendant's motion on
the ground that it was untimely.
Contrary to plaintiff's contention, defendant's motion for summary judgment dismissing the
complaint was not untimely under CPLR 3212 (a). CPLR 3212 (a) provides that a motion for
summary judgment "shall be made no later than one hundred twenty days after the filing of the
note of issue, except with leave of court on good cause shown" (see also Brill v City of New York, 2
NY3d 648, 651 [2004]). A motion is made when the notice of motion is served (see
CPLR 2211; Russo v Eveco Dev. Corp., 256 AD2d 566, 566 [1998]; Chimbay v Palma, 14 Misc 3d
130[A], 2007 NY Slip Op 50019[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]),
and when a motion is served upon a party's attorney by mail, service is complete upon mailing
(see CPLR 2103 [b] [2]; Pietrafesa v Canestro, 130 AD3d 602 [2015]). Here, it is
uncontroverted that the notice of trial, the Civil Court equivalent of a note of issue, was filed on
June 14, 2018 [*2]and, thus, contrary to the Civil Court's
determination, defendant's motion was timely when it was served on October 12, 2018.
Accordingly, the order is reversed and the matter is remitted to the Civil Court for a
determination of defendant's motion on the merits.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021