Arcadia Acupuncture, P.C. v Nationwide Ins. Co. (2021 NY Slip Op
51258(U))

[*1]

Arcadia Acupuncture, P.C. v Nationwide Ins. Co.

2021 NY Slip Op 51258(U) [73 Misc 3d 146(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2020-791 K C

Arcadia Acupuncture, P.C., as Assignee of
Juan Hernandez, Respondent, 
against
Nationwide Ins. Co., Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Zara Javakov, P.C. (Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Matthew P.
Blum, J.), entered February 18, 2020. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint and, in effect, granted plaintiff's cross
motion for summary judgment to the extent of (1) dismissing defendant's affirmative defense that
plaintiff had failed to appear for duly scheduled examinations under oath and (2) awarding
plaintiff partial summary judgment on liability.

ORDERED that the order, insofar as appealed from, is modified by vacating so much of the
order as granted the branches of plaintiff's cross motion seeking (1) summary judgment
dismissing defendant's affirmative defense that plaintiff had failed to appear for duly scheduled
examinations under oath with respect to the claims received between May 11, 2018 and June 22,
2018 and (2) partial summary judgment on liability with respect to the claims received between
May 11, 2018 and June 22, 2018, and by providing that those branches of plaintiff's cross motion
are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear
for duly scheduled examinations under oath (EUOs). Plaintiff cross-moved for summary
judgment. In an order entered February 18, 2020, the Civil Court denied defendant's motion for
summary judgment, stating that "Defendant [had] failed to issue the denials within 30 days of the
second missed EUO," and granted plaintiff's cross motion to the extent of dismissing the
affirmative defense that plaintiff failed to appear for duly scheduled EUOs and awarding plaintiff
partial summary judgment on liability.
With respect to the claims received by defendant between May 11, 2018 through June 22,
2018, the record demonstrates, prima facie, that the EUO scheduling letters were timely mailed
(see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]) to plaintiff, that plaintiff failed to
appear for those EUOs, and that defendant timely denied those claims on the ground that plaintiff
had failed to appear. However, as we find that a triable issue of fact exists as to whether those
EUOs were scheduled to be held at a place that was "reasonably convenient" to plaintiff
(see 11 NYCRR 65-3.5 [e]; Parisien v Metlife Auto & Home, 68 Misc 3d 126[A], 2020
NY Slip Op 50845[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]), defendant
failed to establish that it is entitled to summary judgment dismissing so much the complaint as
sought to recover upon the claims received between May 11, 2018 through June 22, 2018.
Consequently, neither party is entitled to summary judgment upon those claims.
While defendant further contends that the branch of its motion seeking summary judgment
dismissing so much of the complaint as sought to recover upon the claims it received between
March 22, 2018 and April 27, 2018 should have been granted and that the Civil Court erred in
granting the branch of plaintiff's cross motion seeking partial summary judgment on liability
upon those claims, defendant's argument lacks merit. The record establishes that defendant failed
to timely deny those claims (see Island Life Chiropractic Pain Care, LLC v 21st Century Ins.
Co., — Misc 3d &mdash, 2021 NY Slip Op 21340 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2021]; Quality
Health Supply Corp. v Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[A]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Furthermore, here there is no basis
to disturb so much of the order as granted plaintiff partial summary judgment as to liability upon
these claims.
Accordingly, the order, insofar as appealed from, is modified by vacating so much of the
order as granted the branches of plaintiff's cross motion seeking (1) summary judgment
dismissing defendant's affirmative defense that plaintiff had failed to appear for duly scheduled
examinations under oath, with respect to the claims received between May 11, 2018 and June 22,
2018 and (2) partial summary judgment on liability with respect to the claims received between
May 11, 2018 and June 22, 2018, and by providing that those branches of plaintiff's cross motion
are denied.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021